T. B. DIXSON v. C. E. JOHNSON REALTY COMPANY.

(Filed 22 January, 1936.)

1. **Appeal and Error L a: L d—**

The decision of the Supreme Court on a former appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal.

2. **Frauds, Statute of, E a—Party obtaining forbearance during life of written contract by extending its terms by oral agreement may not plead statute of frauds to defeat action on oral agreement.**

    Defendant executed a written contract to repurchase a certain lot from defendant at any time within a year from the sale if plaintiff was not satisfied with the lot. Thereafter the agreement to repurchase was extended for one year by a writing attached to the contract and signed by defendant's authorized agent. During the life of the written contract, plaintiff made demand on defendant for the execution of the agreement, and defendant, or its agent, obtained forbearance on the part of plaintiff by agreeing orally to extend the contract for another year. *Held:* Upon institution of suit by plaintiff on the contract during the period of the parol extension, defendant is precluded from defeating plaintiff's recovery by pleading the statute of frauds.

APPEAL by defendant from *Hill, Special Judge,* at April Term, 1935, of FORSYTH. No error.

This was an action to recover on the following contract:

" 'We Sell the Earth'

C. E. JOHNSON REALTY COMPANY

Real Estate and Fire Insurance

Reputation Our Capital   :   :   Reliability and Promptness

Winston-Salem, N. C.

November 6, 1928.

"C. E. Johnson Realty Company hereby agrees to refund to T. B. Dixson the full purchase price of $4,837.80 for Lot No. 14 in 'Stratford Place,' with 6% interest, on November 6, 1929, in the event the above named purchaser should not be entirely satisfied with purchase of said lot.

Yours very truly,

"Attest:                        C. E. JOHNSON REALTY CO.,
   "(Signed)  R. C. Johnson,    ·   By (Signed) C. E. Johnson,
                 Sec.                            Pres."

---

"We hereby agree to renew the above contract and extend the terms and guarantee for another twelve months to November 6, 1930.

C. E. JOHNSON REALTY CO.,

"(Signed)                By (Signed) R. C. Johnson, Treasurer.
   "M. A. Biggs, Witness."

The prayer of plaintiff in his complaint was for "such other and further relief in the premises as to the court shall seem proper."

The evidence discloses that demand was made by plaintiff on defendant, or its duly authorized agent, within the time limit for the performance of its written contracts, and defendant failed and neglected to perform and appealed to plaintiff to give another year in which to perform its contract, promising to put same in writing. This extension of time and forbearance was given by plaintiff with the assurances made by defendant and relied on by plaintiff, which later the extension of performance was denied and repudiated by defendant. The plaintiff was at all times ready, able, and willing to perform his part of the contract. The present action was instituted on 5 November, 1931, within the extension time for performance.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the plaintiff and the defendant, on 6 November, 1928, enter into a written contract by the terms of which the defendant agreed to refund to the plaintiff the full purchase price of $4,837.80 for Lot No. 14 in Stratford Place, with 6 per cent interest, in the event the plaintiff should not be entirely satisfied with the purchase of said lot on 6 November, 1929, as alleged? Answer: 'Yes.'

"2. If so, did the plaintiff and defendant thereafter contract and agree in writing to extend the terms of said alleged agreement and continue same until 6 November, 1930, as alleged? Answer: 'Yes.'

"3. Did the plaintiff elect and offer to sell, and was he ready, able, and willing to convey said parcel of land to the defendant, within the time specified in said alleged agreements? Answer: 'Yes.'

"4. Did the plaintiff and the defendant, before 6 November, 1930, orally contract and agree to extend the provisions of said alleged agreements for a further period of twelve months, and until 6 November, 1931? Answer: 'Yes.'

"5. If so, did the plaintiff, within the time specified in said alleged oral agreement, elect and offer, and was he ready, able, and willing to convey to the defendant the said parcel of land? Answer: 'Yes.'

"6. Did the defendant, within the time specified in said alleged oral agreement, decline and refuse to accept a conveyance of said property and pay therefor the sum of $4,837.80, with interest, as alleged? Answer: 'Yes.'"

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Ingle & Rucker for plaintiff.*
*Parrish & Deal and Calvin Graves, Jr., for defendant.*

Per Curiam. This action has heretofore been before this Court. 204 N. C., 521. At the close of plaintiff's evidence and at the close of all the evidence (C. S., 567) the defendant made motions in the court below for judgment as in case of nonsuit. The court below refused these motions, and in this we can see no error. We think the plaintiff's evidence on the trial in the court below substantially the same as was set forth in the former appeal.

A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal.

In the previous opinion we quoted from *Alston v. Connell,* 140 N. C., 485 (491-2), and we quote in part again as follows: "The extension having been given at Thomas Connell's request and for his convenience, when the extended agreement itself and all the circumstances clearly implied that he regarded it as a valid and binding contract, and that he intended to live up to its terms, the law will not permit him now to repudiate its obligations, invoke for his protection the statute of frauds and defeat the plaintiff's recovery, who had forborne a timely performance by reason of Thomas Connell's request and in reasonable reliance on his assurance. This position is in accord with sound principles of justice and is well sustained by authority."

It is too technical to contend that the pleadings with the issues and charge of the court below are insufficient to support the judgment and are contradictory. We do not think there is such a variance between the allegations, proof, and issues that could be held as prejudicial or reversible error. The issues were largely in the discretion of the court.

We think there was plenary evidence, direct and circumstantial, of the authority of Biggs, who made the extension of forbearance, and this with the knowledge and acquiescence of defendant. The underlying principle of law involved in this case is embodied in the broad idea of justice that where one forbears from performing an act at the request of and for the benefit of another, the latter will be precluded from later taking the position that the former has lost the protection of his rights by such forbearance. Defendant's business covered some territory—"We sell the Earth."

In the judgment of the court below, we find

No error.