subject of appeals which were never perfected. Of this character is the demurrer to the counterclaim made by the present defendant in his original answer that the record shows to have been served on the plaintiffs and to which they took no action.

Supposing, however, that the appeal brings up the question whether Sallie Gilkey, mother of the plaintiffs and one of the original mortgagors, is a necessary party, that, too should have been presented in apt time to the court below. There is no such necessity now apparent in that part of the proceeding or judgment which is now before us on appeal.

The judgment of the court below is

Affirmed.

WINBORNE and ERVIN, JJ., took no part in the consideration or decision of this case.

---

MRS. MYRTLE JACKSON v. HUDSON-BELK COMPANY, INC.

(Filed 10 November, 1948.)

APPEAL by plaintiff from *Harris, J.,* at June Civil Term, 1948, of WAKE.

Civil action to recover damages for personal injury—allegedly sustained by plaintiff as result of actionable negligence of defendant,—when, as she alleges, on 6 February, 1947, after she had entered the store of defendant in the city of Raleigh, North Carolina, "as a customer to make purchases," and was in the act of descending the stairway leading from the main floor to the basement, provided by defendant for use of its customers in entering the basement to make purchases there, "her foot suddenly slipped from under her as she stepped on orange peel, popcorn and other rubbish" which defendant had negligently permitted to accumulate on said steps,—and fell to her injury and great damage.

From judgment as of nonsuit entered at close of plaintiff's evidence, she appeals to Supreme Court and assigns error.

*E. D. Flowers for plaintiff appellant.*
*Wilson & Bickett for defendant appellee.*

PER CURIAM. The correctness of the ruling of the trial court in allowing motion for judgment as in case of nonsuit finds support in the case of

*Pratt v. Tea Company,* 218 N. C. 732, 12 S. E. (2) 242, under authority of which the judgment below is
Affirmed.

---

CAROLINA STANDARD CORPORATION v. NICHOLAS W. DOCKERY AND JOHN C. DOCKERY, TRADING & DOING BUSINESS AS SERVICE FARM EQUIPMENT COMPANY.

(Filed 1 December, 1948.)

APPEAL by defendants from *Warlick, J.,* at March Term, 1948, of RICHMOND. No error.

*Pittman, McLeod & Webb for plaintiff, appellee.*
*George S. Steele, Jr., for defendants, appellants.*

PER CURIAM. Plaintiff instituted action to recover for building materials sold and delivered to the defendants, in the sum of $369.34. The defendants admitted plaintiff's claim, but set up a counterclaim for damages for alleged breach of contract on the part of plaintiff in regard to a trailer which plaintiff had engaged defendants to build. Plaintiff had canceled the contract, and an issue of fact was raised and litigated whether the defendants had "commenced work on the trailer at the time of the cancellation of the contract." The jury answered the issue in favor of the plaintiff. There was evidence sufficient to support the verdict. An examination of the record, in the light of the exceptions noted by the defendants, fails to show that the trial court committed error which would warrant the award of a new trial. Accordingly the judgment on the verdict is
Affirmed.