### ALDER MAE JERNIGAN v. COLONEL JERNIGAN.

(Filed 21 October, 1953.)

**1. Appeal and Error § 51a—**

Where the Supreme Court holds on appeal that the evidence was sufficient to overrule defendant's motions to nonsuit, in the subsequent trial upon substantially the same evidence the question of the sufficiency of the evidence is foreclosed.

**2. Trial § 22b—**

Upon motion to nonsuit, evidence of defendant in contradiction to that offered by plaintiff is properly disregarded.

**3. Evidence §§ 42c, 45: Automobiles § 18g (4)—**

Testimony of declarations made by defendant driver shortly after the accident in suit that he could have avoided the accident in several ways, *is held* a shorthand statement of fact based on personal knowledge, and competent as an admission against interest.

APPEAL by defendant from *Frizzelle, J.,* and a jury, at February Term, 1953, of JOHNSTON.

Civil action by wife against husband for personal injuries allegedly caused by the actionable negligence of the husband in the operation of an automobile in which the wife was a guest.

The defendant Colonel Jernigan and the plaintiff Alder Mae Jernigan are husband and wife. The accident culminating in this litigation occurred on the afternoon of 25 June, 1950, at the juncture of State Highway No. 40 and an unpaved road four miles west of the Town of Benson when an automobile driven by the defendant and an automobile operated by one Rufus Capps collided. The plaintiff, who was a guest in her husband's car, suffered personal injuries in the collision.

This case was before this Court at the Fall Term, 1952, upon the appeal of the plaintiff from a compulsory nonsuit entered at the close of her evidence on the first trial of the cause. This Court held at that time that the plaintiff's evidence made the liability of the defendant to the plaintiff a question for the jury, and reversed the compulsory nonsuit on

that ground. The opinion of this Court on the former appeal is reported in 236 N.C. 430, 72 S.E. 2d 38, where the plaintiff's evidence at the first trial is stated.

The cause was tried anew at the February Term, 1953, of the Superior Court of Johnston County. Both parties offered evidence at that time. The plaintiff's evidence was substantially the same as that presented by her at the original trial. The defendant's evidence tended to show that the sole proximate cause of the collision and the resultant injuries to the plaintiff was the negligence of Capps in the management of his automobile. These issues were submitted to the jury: (1) Was the plaintiff injured and damaged by the actionable negligence of the defendant, as alleged in the complaint? (2) If so, what amount of damages, if any, is the plaintiff entitled to recover of the defendant?

The jury answered the first issue "Yes," and the second issue "$5,000.00." The trial judge entered judgment for plaintiff in accordance with the verdict, and the defendant appealed.

*J. R. Barefoot and E. R. Temple for plaintiff, appellee.*
*A. M. Noble for defendant, appellant.*

ERVIN, J. The defendant makes these assertions by his assignments of error:

1. The court erred in refusing to dismiss the action upon a compulsory nonsuit at the close of all the evidence.

2. The court erred in permitting the plaintiff to testify that subsequent to the accident the defendant admitted he could have avoided the collision with the Capps car in several ways.

Counsel for the defendant lays great stress on his contention that the action ought to have been involuntarily nonsuited in the Superior Court. We are compelled to hold, however, that this question is foreclosed against the defendant by the decision on the former appeal adjudging the plaintiff's evidence sufficient to carry the case to the jury and to support a verdict in her favor. This is true for the very simple reason that the evidence adduced by the plaintiff at the second trial is substantially the same as that presented by her at the first trial and considered by us on the former appeal. *Mintz v. R. R.,* 236 N.C. 109, 72 S.E. 2d 38; *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864; *Randle v. Grady,* 228 N.C. 159, 45 S.E. 2d 35; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366; 141 A.L.R. 1164; *Wall v. Asheville,* 220 N.C. 38, 16 S.E. 2d 397; *Simpson v. Oil Co.,* 219 N.C. 595, 14 S.E. 2d 638; *McGraw v. R. R.,* 209 N.C. 432, 184 S.E. 31; *Dixson v. Realty Co.,* 209 N.C. 354, 183 S.E. 382; *Groome v. Statesville,* 208 N.C. 815, 182 S.E. 657; *Masten v. Texas Co.,* 204 N.C. 569, 169 S.E. 158; *Madrin v. R. R.,* 203 N.C. 245, 165 S.E. 711; *Newbern*

v. *Telegraph Co.*, 196 N.C. 14, 144 S.E. 375; *McCall v. Institute*, 189 N.C. 775, 128 S.E. 349; *Soles v. R. R.*, 188 N.C. 825, 125 S.E. 24; *Clark v. Sweaney*, 176 N.C. 529, 97 S.E. 474. In ruling on the motion to non-suit, the trial judge properly disregarded the evidence of the defendant contradictory to that supporting the plaintiff's contention. *Hansley v. Tilton*, 234 N.C. 3, 65 S.E. 2d 300.

The defendant objects to the receipt of his extrajudicial declaration that he could have avoided striking the Capps car in several ways on the theory that such declaration expresses a mere opinion or conclusion, and for that reason falls within the condemnation of the general rule excluding opinions or conclusions. *Insurance Co. v. R. R.*, 195 N.C. 693, 143 S.E. 516. This position is untenable. The declaration can be reasonably interpreted to be a short-hand statement of fact based on the personal knowledge of the defendant. This being so, the trial judge rightly received the declaration in evidence as an admission against the interest of the defendant on the issue of liability. *Hobbs v. Coach Co.*, 225 N.C. 323, 34 S.E. 2d 211; *Brown v. Wood*, 201 N.C. 309, 160 S.E. 281; Stansbury: North Carolina Evidence, section 167; Michie: The Law of Automobiles in North Carolina, section 253; 31 C.J.S., Evidence, section 272.

Since no error is shown, the judgment entered in the Superior Court will be sustained.

No error.