JOHNNIE A. HUGHES v. ANCHOR ENTERPRISES, INC.

(Filed 12 December, 1956.)

**1. Negligence § 4d—**

An owner is charged with knowledge of an unsafe condition of the premises created by its employee in discharge of his duties, but an unsafe condition created by a third party must have existed for such length of time that the owner knew, or, by the exercise of due care, should have known of its existence before the owner may be held responsible therefor.

**2. Same—**

Plaintiff's evidence tended to show that she slipped and fell in leaving defendant's restaurant at a place at the entrance made slippery by reason of soapy and slimy substances splattered on the floor by an employee in mopping the floor. Defendant's evidence was in conflict in material respects. *Held:* The evidence considered in the light most favorable to plaintiff is sufficient to require the submission of the case to the jury.

**3. Evidence § 42f—**

It is competent for defendant to introduce in evidence a statement in the original complaint even though the original complaint has been superseded as a pleading by an amended complaint.

**4. Appeal and Error § 41—**

The admission of testimony over objection cannot be held prejudicial when the objecting party's own witnesses thereafter testify to the same import.

**5. Principal and Agent § 13c:  Evidence § 42d—**

Testimony of a statement made by an agent which is merely narrative of a past occurrence and not a part of the *res gestae* is hearsay and incompetent as substantive evidence against either the principal or the agent, but is competent as bearing upon the credibility of the agent as a witness when

the statement is in direct conflict with the testimony of the agent at the trial.

**6. Trial § 17—**

A general objection to testimony competent for a restricted purpose, without request that its admission be limited, is ineffectual. Rules of Practice in the Supreme Court No. 21.

**7. Negligence § 18—**

In the absence of other relevant statements or circumstances, evidence of an offer or promise made by a defendant or its agent to pay the hospital and medical expenses of the injured person is not competent as an admission of negligence when the statements do not relate to the cause of plaintiff's injuries.

JOHNSON, J., not sitting.

APPEAL by defendant from *Crissman, J.,* July Term, 1956, of RICHMOND.

Civil action to recover damages on account of personal injuries sustained by plaintiff, a patron, in defendant's "Howard Johnson Restaurant" near Rockingham, North Carolina.

Plaintiff alleged that she slipped and fell; and that her fall and consequent injuries were caused by the negligence of the defendant in creating an unsafe condition in the area where she fell.

Defendant, answering, denied negligence; also, defendant pleaded contributory negligence in bar of plaintiff's right to recover.

Issues of negligence, contributory negligence and damages were answered in plaintiff's favor. The jury awarded damages in the amount of $6,750.00.

Evidence offered in support of plaintiff's allegations tended to show the facts narrated in the numbered paragraphs below.

1. On 13 March, 1954, plaintiff, her husband, her sister, and plaintiff's two daughters by a former marriage, were on their way from Fayetteville, North Carolina, where they resided, to Rock Hill, South Carolina, to visit plaintiff's parents; and about 3:30 p.m. they stopped for a meal at defendant's restaurant.

2. The outer entrance to the restaurant consisted of double doors, glass in metal frames, which afforded access to a vestibule; and the inner entrance, beyond the vestibule, consisted of like doors affording access to the interior of the restaurant premises.

3. Entering the restaurant proper, immediately to the left there was a line of booths, the seat backs or partitions being three feet high; and the top of the seat back or partition nearest said inner entrance was so constructed as to constitute a plant or flower box. Beyond this, to the left, there was an aisle three feet wide, which was a passageway to the

booths along the front of the restaurant and to other booths across said aisle.

4. Entering the restaurant proper, straight ahead, there was a combination counter, consisting of a soda pickup, ice cream service, grocery, candy display and cash register stand; and to the right thereof there was a soda fountain and horseshoe counter.

5. When plaintiff and her party entered, the terrazzo floor of the vestibule and of the area between the inner entrance and the combination counter was dry and safe. They turned left, went to the fourth booth at the front of the restaurant; and plaintiff was so seated that her back was toward the entrance area.

6. Thereafter, and while plaintiff was occupied with her meal, defendant's employee, with a bucket and mop, undertook to clean an area near the inner entrance. In so doing, he left the floor of the area between the end of the aisle and the inner entrance in a slippery condition by reason of soapy and slimy substances splattered thereon.

7. Plaintiff, unaware of the mopping or cleaning operation, finished her meal, left the booth and walked down the aisle to leave the restaurant. As she turned to her right, at or near the seat back or partition in which the plant or flower box was located, she stepped onto one of the slippery places, slipped, fell and was injured.

Defendant's evidence tended to show that no mopping or cleaning had been done in any area where plaintiff walked; that the floor where plaintiff walked was dry and in all respects in first class condition; and that plaintiff's injuries were not caused by any negligence on its part.

Wall, defendant's employee, testified that he had started sweeping or mopping; that his mop bucket contained a mixture of water and cleaning compound; that the cleaning compound did not make the water slick; and that, before plaintiff was injured, he had mopped only in the area around the fountain, some distance from where plaintiff fell.

Bearing on the contributory negligence issue, defendant's evidence tended to show that plaintiff, when seated in the booth, faced the entrance area; and that on two or more occasions before her meal was served or eaten she went out through said entrances to see about a dog they had left (tied) outside the restaurant. This evidence was in direct conflict with evidence offered by plaintiff.

Batson, defendant's witness, who was the Assistant Manager, testified that he assisted plaintiff's husband in taking plaintiff to the hospital. On cross-examination, he was asked this question: "I'll ask you if you didn't tell him (plaintiff's husband) after you got to the hospital and after you talked to Mr. Lowery (the manager of the restaurant) to get Mrs. Hughes a good room and the best medical service that you could get and you would take care of it?" He testified, over defendant's objection, as follows: "I don't recall saying that to Mr. Hughes, sir."

The next question asked was this. "But you wouldn't swear that you didn't tell him that, would you?" He testified, over defendant's objection, as follows: "I don't know exactly how I put it in words, but we would take care of her."

Thereafter, plaintiff's husband, who had previously testified as plaintiff's witness, was recalled for further direct examination. He was permitted to testify, over defendant's objection, as follows: "Mr. Batson told me to go ahead and put my wife in a private room and get the best medical care available and they would take care of it."

Judgment for plaintiff, in accordance with the verdict, was signed and entered. Defendant excepted and appealed. Upon appeal, defendant assigns as error, *inter alia*, the overruling of its motions for judgment of nonsuit and the admission, over objection, of certain of plaintiff's evidence.

*Pittman & Webb for plaintiff, appellee.*

*Leath & Blount and Varser, McIntyre & Henry for defendant, appellant.*

BOBBITT, J. The principles of law governing the liability of the proprietor of a store or restaurant to an invitee are well settled. They are restated in *Lee v. Green & Co.*, 236 N.C. 83, 72 S.E. 2d 33, where *Johnson, J.*, cites numerous prior decisions.

It is well to bear in mind that, when the unsafe condition is created by a third party, it must be made to appear that it had existed for such a length of time that the defendant knew or by the exercise of due care should have known of its existence; but this is not required when the unsafe condition is created by the defendant's employee(s). The basis of the dissent in *Lee v. Green & Co., supra*, is that the minority of this Court considered the evidence insufficient to show that the alleged unsafe condition was created by defendant's employee(s) or the duration of its existence.

No structural defect is involved here. Plaintiff's allegations and evidence are that when plaintiff entered the restaurant and walked to the booth where she was served the floor of the entrance area and aisle was dry, safe and attractive; but that, while she was in the restaurant, defendant, through its employee, had created the unsafe condition that caused her to slip and fall when she undertook to use again the identical passageways.

The evidence was sufficient, when considered in the light most favorable to plaintiff, to require submission of the case to the jury. Since a new trial is awarded, for reasons stated below, we refrain from discussing the permissible inferences that may be drawn from the conflicting

evidence presently before us. *Sloan v. Glenn, ante,* 55; *Caudle v. R. R.,* 242 N.C. 466, 88 S.E. 2d 138, and cases cited.

It is noted that defendant, in support of its contention that plaintiff was contributorily negligent as a matter of law, quotes and relies on an excerpt from plaintiff's *original* complaint. This excerpt was offered as evidence by defendant and admitted for jury consideration. Even so, the case was tried on plaintiff's amended complaint and defendant's answer thereto. While the excerpt from the original complaint was competent as evidence, as a pleading it was superseded by the amended complaint. *Burrell v. Transfer Co.,* 244 N.C. 662, 94 S.E. 2d 829.

Testimony by plaintiff's witnesses, admitted over objection, tended to show that, after plaintiff fell, a man who worked in the restaurant, referred to as the Assistant Manager, helped plaintiff's husband assist her to the car and carry her to the hospital.

However, Batson, a witness for defendant, testified that he was the Assistant Manager; that he was in the kitchen when the accident occurred; that when he learned of it he went to the front; that plaintiff was then seated in said fourth booth; and that he and plaintiff's husband helped plaintiff down the aisle, out the front door and then to the hospital. Hence, if incompetent when offered, any prejudicial effect of said testimony by plaintiff's witnesses was eliminated when Batson, under direct examination, gave his said testimony.

Batson, on cross-examination, testified: "I did not tell Major Hughes that I had told J. D. Wall not to put water in front of the door when there were people in the restaurant and not to mop in that manner."

When plaintiff's husband (Major Hughes) was recalled, plaintiff's counsel asked this question: "Q. You testified yesterday that when you got to your wife and while Mr. Batson was standing at the place where she fell that Mr. Batson made a statement to you. Well, you go ahead and tell his Honor and the jury what statement that was." Over objection, he answered: "Mr. Batson stated to me, 'I have told the boy not to mop the floor like this.'" Defendant's motion to strike was denied.

There is no evidence that Batson was present when plaintiff fell. At that time, according to his testimony, he was back in the kitchen. The declaration, if made, was a narrative of what Batson had told Wall, an employee, on some unidentified past occasion. Hughes' said testimony was not competent against defendant as *substantive* evidence.

In *Hubbard v. R. R.,* 203 N.C. 675, 166 S.E. 802, *Stacy, C. J.,* stated the rules of evidence relevant here as follows:

"It is the rule with us that what an agent or employee says relative to an act presently being done by him within the scope of his agency or employment, is admissible as a part of the *res gestae,* and may be offered in evidence, either for or against the principal or employer, but what the agent or employee says afterwards, and merely narrative of a

past occurrence, though his agency or employment may continue as to other matters, or generally, is only hearsay and is not competent as against the principal or employer. . . . (Citations omitted)"

"Notwithstanding the rule just stated, it has been held in a number of cases that what an agent or employee says, even though narrative of a past occurrence, may be offered in evidence, not for the purpose of fixing liability upon the principal or employer, but to contradict or to impeach the agent or employee, when his previous statement is at variance with his testimony given on the trial. . . . (Citations omitted)"

For later decisions in accord with the rule first stated by *Stacy, C. J.,* see *Lee v. R. R.,* 237 N.C. 357, 75 S.E. 2d 143, and Stansbury, N. C. Evidence, Section 169, and cases cited.

Batson, under direct examination, testified that when he assisted Hughes in helping plaintiff down the aisle to the front door he observed that the floor was dry, that it had not been mopped. Therefore, Hughes' testimony as to Batson's said declaration was competent for consideration as bearing on the credibility of Batson and the weight to be given his said testimony. Defendant's objection was general, challenging the competency of the testimony as to Batson's said declaration for any purpose. In view of defendant's failure to request that it be limited to impeachment of Batson, its admission, under the rule stated in *Hubbard v. R. R., supra,* and under Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 544, 558, was not prejudicial error.

But plaintiff was not content to let the matter rest here. In the phrase of *Stacy, C. J.,* plaintiff went a bowshot too far.

Both on cross-examination of Batson, and more specifically on direct examination of Hughes, when recalled for further testimony, plaintiff elicited testimony that Batson, after reaching the hospital, told Hughes to go ahead and put his wife in a private room and get the best medical care available and "they" would take care of it, as set forth in detail in the above statement of facts.

"Anything that a party to the action has said, if relevant to the issues, is admissible against him as an admission." Stansbury, N. C. Evidence, Section 167; *Hobbs v. Coach Co.,* 225 N.C. 323, 329, 34 S.E. 2d 211.

But, in accord with the weight of authority elsewhere, the rule in this jurisdiction is that, in the absence of other relevant statements or circumstances, evidence of an offer or promise made by the defendant to pay the hospital and medical expenses of the injured person is not competent as an admission of liability. The law will not stifle a party's disposition to succor an injured person by a red light, warning that if he responds to generous and humanitarian impulses he does so at the peril of having his benevolent conduct counted against him as an admission of liability. *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777; *Patrick v. Bryan,* 202 N.C. 62, 162 S.E. 207; *Brown v. Wood,* 201

N.C. 309, 160 S.E. 281; *Norman v. Porter,* 197 N.C. 222, 148 S.E. 41; *Barber v. R. R.,* 193 N.C. 691, 138 S.E. 17; Annotation: 20 A.L.R. 2d 291. See also, *Cab Co. v. Casualty Co.,* 219 N.C. 788, 15 S.E. 2d 295.

*Brogden, J.,* in *Brown v. Wood, supra,* has reminded us that a contrary rule would consider the services of the Samaritan, whom the ages have called Good, in behalf of the man found stripped and wounded, an admission of liability for his condition rather than the actions of a man having compassion on his unfortunate neighbor.

True, cases arise in which the testimony goes well beyond an offer or promise to pay the hospital and medical bills of the injured person. Other cases arise in which the testimony falls short of an offer or promise to pay such bills. An analysis of certain of our decisions may be helpful.

In *Gibson v. Whitton,* 239 N.C. 11, 79 S.E. 2d 196, and in *Jernigan v. Jernigan,* 238 N.C. 444, 78 S.E. 2d 179, and in *Hobbs v. Coach Co., supra,* the testimony related to statements made by a defendant whose alleged negligent operation of a motor vehicle was the basis of plaintiff's cause of action. In the *Jernigan case,* the statement attributed to defendant was that "he could have stopped before he hit the Capps car" and that "there would have been several ways he could have missed Capps' car, without hitting." In the *Gibson case,* the statement attributed to the defendant was that he would take care of everything and plaintiff had nothing to worry about. In the *Hobbs case,* the statement attributed to the defendant (driver) was that he had gone to sleep and didn't know what happened. Evidence of such statements was held competent on the issue of the declarant's alleged negligence. It should be noticed that in the *Hobbs case,* the evidence was admitted as to the declarant, the defendant driver, but excluded as to his employer, the corporate defendant.

Here the declarations attributed to Batson do not relate to what caused plaintiff's injuries. Indeed, he was not present on the occasion of her injury. Nor was he a party to this action.

Another type of case is illustrated by *Brown v. Wood, supra.* Plaintiff's injuries arose out of an automobile collision. Wood, the owner, was not present when the collision occurred. Plaintiff alleged that Sanders, the driver, was operating the car as Wood's agent. The trial court sustained Wood's motion for judgment of nonsuit, for lack of evidence as to the alleged agency; but submitted the cause to the jury as to Sanders. Upon plaintiff's appeal from said judgment of nonsuit, statements attributed to Wood when he visited plaintiff in the hospital were considered. The conclusion reached was that Wood's offer or promise to pay plaintiff's medical and hospital bills, if this were all, would not be competent; but that, when he went further and assured plaintiff that he would see "that everything was all right" the evidence

should have been admitted as relevant to Wood's liability. These facts are important: (1) Wood had no personal knowledge as to how the collision occurred; (2) there was plenary evidence of the negligence of Sanders; and (3) the liability feature of the case to which the evidence was addressed was the liability of Wood for the negligent acts of Sanders.

Here the situation is different. Admittedly, the mopping or cleaning was done by Wall, defendant's agent. The crucial question was whether it was done in the area where plaintiff fell, as contended by her, or over near the fountain, some distance from where plaintiff fell, as contended by defendant. Wall's agency is not in dispute. Hence, the theory on which *Brown v. Wood, supra,* was decided, has no application here.

In *Barber v. R. R., supra,* it was in evidence, without objection, that immediately after plaintiff's injury he was placed in the baggage car of defendant's train, taken to Danville, Virginia, and carried to the hospital there for treatment by Dr. Miller. Plaintiff was permitted to testify, over objection, that defendant sent him to Dr. Miller for treatment.

This Court regarded *Barber v. R. R., supra,* as a borderline case. The fact that plaintiff was taken to the hospital was considered relevant, the extent of plaintiff's injuries being in controversy. Apart from this, the evidence to which objection was made did not add appreciably to the testimony theretofore admitted without objection.

Here Batson testified that he assisted Hughes take plaintiff to the hospital. Had plaintiff stopped there, a different situation would confront us. Indeed, the final instruction to the jury was this: ". . . the Court charges you that the mere fact that the management of the defendant was solicitous of the plaintiff's condition on this occasion would not *of itself* indicate or create any liability on the part of the defendant." (Italics added.)

But plaintiff pressed on, undertaking to show a specific offer or promise by Batson that "they" would pay all bills for a private room in the hospital and for the best medical care available. When the court, in the quoted final instruction, told the jury that mere solicitude would not *of itself* indicate or create liability, the failure to refer to the admitted incompetent evidence as to a specific promise to pay the hospital and medical bills would seem to accentuate the prejudicial effect thereof.

Under the facts here, the court was in error in admitting the testimony as to Batson's specific promise that defendant would pay the hospital and medical bills incurred in the treatment of plaintiff's injuries; and in a case such as this, where the evidence was in sharp conflict as to the cause of plaintiff's injuries, the error must be regarded sufficiently prejudicial to necessitate a new trial.

Questions posed by other assignments of error may not arise when the cause is tried again.

New trial.

JOHNSON, J., not sitting.