## BILLIE B. JOHNSON v. THE MEYER'S COMPANY.

(Filed 22 May, 1957.)

**1. Evidence § 42b—**

> Plaintiff was injured when an advertising sign, maintained by a store on its adjacent parking lot, was struck by a car in the parking lot and knocked down, falling against and over plaintiff. Testimony of plaintiff that as she was lying on the sidewalk one of three men who picked the sign up off her, made statements to the effect that he was not responsible, that he had paid his parking fee and that a parking attendant had left his car in reverse, *held* properly excluded, since the statements were a narrative of past occurrence and were not, therefore, a part of the *res gestae*.

**2. Evidence § 25—**

Plaintiff, while walking on the sidewalk, was struck by an advertising sign which had been knocked down by an automobile. Testimony by an officer that when he visited the scene some five hours after its occurrence the sign was not anchored, was properly excluded.

**3. Negligence § 3½—**

Plaintiff was injured while walking on the sidewalk when an advertising sign, maintained by a store on its adjacent parking lot, fell against her. There was evidence that the advertising sign fell because it was struck by a car in the parking lot. *Held:* The doctrine of *res ipsa loquitur* does not apply since the facts were known and testified to at the trial.

**4. Negligence § 9—**

The only negligence of legal importance is negligence which proximately causes or contributes to the injury under judicial investigation, and foreseeability of injury is an essential element of actionable negligence.

**5. Negligence § 4f—Act of motorist in striking advertising sign maintained by store on parking lot held not reasonably foreseeable.**

Plaintiff's evidence tended to show that she was injured while walking on the sidewalk when an advertising sign, maintained by a store on its adjacent parking lot, was struck and knocked down by a car on the parking lot, and fell against her. There was no evidence that the driver of the car was an agent or employee of the store or in any way connected with it, or that the automobile was under the exclusive control and management of the store. *Held:* Nonsuit in an action against the store was proper, since it could not have reasonably foreseen that a person in no way connected with it and using its parking lot would start or operate his automobile in such a way as to collide violently with its advertising sign.

APPEAL by plaintiff from *Olive, J.,* January Term 1957 of GUILFORD.

Action to recover damages for personal injuries suffered when a large advertising sign erected immediately adjacent to a public street fell to the street striking plaintiff, who was walking on the street.

From a judgment of involuntary nonsuit entered at the close of plaintiff's evidence, plaintiff appeals.

*E. L. Alston, Jr., for Plaintiff, Appellant.*
*Armistead W. Sapp for Defendant, Appellee.*

PARKER, J.  The defendant owns a large department store in the city of Greensboro, fronting on South Elm and South Greene Streets. It also maintains on South Greene Street, adjacent to the entrance of its store on that street, a parking lot for automobiles for the use and convenience of its customers. On this parking lot, and immediately adjacent to South Greene Street, the defendant had erected a large advertising sign.

The allegations of negligence in the complaint are in essence these: The defendant failed to exercise due care in the erection, securing and maintenance of the large sign in a manner so as to prevent the same from falling, and that the defendant knew, or in the exercise of due care should have known, that the sign as erected and maintained was unsafe and a danger to persons using the adjacent street. As plaintiff was walking on the street she heard a loud noise, and the sign fell over and upon her covering the entire sidewalk. That she is informed, believes and so alleges that the cause of the sign falling was due to a customer of defendant on the parking lot backing his automobile into and against the sign, which was totally unprotected against such an act. That defendant knew, or in the exercise of due care should have known, that such an act was likely to occur, by reason of the insecure anchorage of the sign and the defendant permitting and directing its employees to park automobiles near the sign. That plaintiff further alleges on information and belief that an employee of defendant, whose name is unknown to her, backed a car up to the sign, left it in reverse gear, failed to inform the owner thereof, and the owner of the car, whose name is unknown to her, proceeded to knock over the sign.

Plaintiff's evidence shows these facts: On the night of 17 July 1954 she had been shopping in the defendant's store. It closed at 9:00 p.m. About three minutes to 9:00 p.m. she was walking on the sidewalk on South Greene Street in front of the defendant's parking lot. She saw an attendant on the platform therein. When she was beside defendant's advertising sign on the parking lot, she heard a loud noise, and the sign began falling. The sign fell upon her, knocking her to the sidewalk, and covering her and the sidewalk completely. While she was lying under the sign, three men came, lifted the sign off of her, and then picked her up. One of these men made the following statement to her, which upon defendant's objection was excluded: "Lady, you know I am not responsible for this. The parking attendant just left my car in reverse. Lady, are you hurt? What is your name? Where do you live? Now, you realize this is not my responsibility. I paid for my parking lot." Plaintiff assigns the exclusion of this statement as error. On cross-examination plaintiff said: "The noise that I heard was not the breaking off of the post of the sign that embedded in the ground; it was the crash when the automobile hit the sign. . . . I said the next day I saw where the car had hit the four-by-four that was framing the sign, and I saw the split in the plywood sign itself, it was broken. The upright standard (four-by-four) which the car struck was the one toward the Meyer's building."

About midnight plaintiff's husband, his father and a police officer went to the scene. This is the substance of her husband's testimony: He saw where the sign had been standing prior to its being hit by an

automobile. He examined the sign for fresh marks. The left four-by-four running up the side, as one faced the sign, had been hit by a bumper toward the bottom. He found marks where it had been splintered. The sign was cracked in front 4 or 5 feet up. It had the appearance of being a fresh cut. The sign was framed by four-by-fours with plywood in the center. The sign was 8½ or 9 feet long and 4 to 4½ feet wide. The framing of the sign extended below the sign for about 2 feet, and there was another four-by-four running straight across the curb and a leg running down for 8 or 10 inches. The leg in front was anchored to a stob with a small piece of metal wrapped around the stob and attached to the leg. There was a stob on each front leg attached in this manner. There were four-by-fours directly back of the sign in the parking lot area. The sign had pulled loose from the stob in front. There was nothing to prevent an automobile from backing and striking the sign.

The only other witness for plaintiff was the police officer. He testified that from all indications the sign had been hit, and knocked over.

Plaintiff has two assignments of error as to the exclusion of evidence. The first is to the exclusion of the statement of one of the men who helped lift the sign off of her. Plaintiff contends that this statement is competent as part of the *res gestae* on the ground that it was a spontaneous utterance. This Court said in *Batchelor v. R. R.*, 196 N.C. 84, 144 S.E. 542: "The test as to whether a declaration is a part of the *res gestae* depends upon whether the declaration was the facts talking through the party or the party talking about the facts." The subject is discussed in the following cases: *Bumgardner v. R. R.*, 132 N.C. 438, 43 S.E. 948; *Holmes v. Wharton*, 194 N.C. 470, 140 S.E. 93; *Staley v. Park*, 202 N.C. 155, 162 S.E. 202; *Brown v. Montgomery Ward & Co.*, 217 N.C. 368, 8 S.E. 2d 199; *Lee v. R. R.*, 237 N.C. 357, 75 S.E. 2d 143. It is our opinion under the well defined principles of law recognized in this jurisdiction, that the statement of this unknown person of an exculpatory nature was the narrative by him of a past occurrence, and therefore not a part of the *res gestae*.

The police officer arrived at the scene around midnight. Plaintiff's counsel asked him this question: "Was the sign anchored at all when you got there?" The answer was excluded upon objection. The witness, if he had been permitted to answer, would have replied No. There was no error in the exclusion of this evidence.

There is no evidence that the sign fell because of any negligence in its construction or maintenance. It fell because it was struck a heavy blow by an automobile on the parking lot operated by an unknown person. There is no evidence that such person was an agent or employee of defendant, or in any way connected with it. There is no evidence that this automobile was under the exclusive control or man-

agement of the defendant. These facts were known, and testified to at the trial. The principle of *res ipsa loquitur* does not apply. *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251; *Smith v. Oil Corp.,* 239 N.C. 360, 79 S.E. 2d 880.

"It is a fundamental principle that the only negligence of legal importance is negligence which proximately causes or contributes to the injury under judicial investigation." *McNair v. Richardson,* 244 N.C. 65, 92 S.E. 2d 459. It is well settled by our decisions that foreseeability of injury is an essential element of actionable negligence. *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796; *Davis v. Light Co.,* 238 N.C. 106, 76 S.E. 2d 378; *McNair v. Richardson, supra.*

All the evidence discloses that plaintiff's injuries were solely attributable to an automobile knocking the sign down. Under the facts of this case to require the defendant to foresee that a person, in no way connected with it and using its parking lot, would start or operate his automobile in such a way as to collide violently with its advertising sign with the bumper of his automobile, splintering, cracking and breaking the sign and knocking it onto the sidewalk, "would practically stretch foresight into omniscience." *Gant v. Gant,* 197 N.C. 164, 148 S.E. 34. No such omniscience is required by the law of negligence.

The judgment of nonsuit below is
Affirmed.