WILLIAM ROBERT SLEDGE v. BRYCE WAGONER, P. E. HODGES AND
J. BERNARD PARKER T/A BUS TERMINAL RESTAURANTS AND
MODERN GRILL.

(Filed 12 June, 1959.)

**1. Appeal and Error § 60—**

Whether the reversal of nonsuit on appeal precludes nonsuit upon the
subsequent trial depends upon whether the evidence on the retrial is
substantially the same as, or materially different from, that introduced
at the previous trial.

**2. Principal and Agent § 13c—**

Testimony of a declaration of an alleged agent is not admissible to
prove either the fact of agency or to establish its nature or extent.

**3. Evidence § 24—**

An unverified and unsigned excerpt from the reporter's purported
transcript of the testimony of a party before the clerk at a hearing on
a motion in the cause is properly excluded when there is no testimony
that the party made the statements attributed to him in the purported
transcript and there is no identification of the transcript by the person
who purportedly prepared it.

**4. Same—**

A purported affidavit of a party is properly excluded when there is
no testimony tending to identify the signature to the writing as that of
the party.

**5. Evidence § 31— Declaration of agent held not pars res gestae and
was properly excluded.**

This suit was instituted to recover for injuries in a fall resulting
when the cuff of plaintiff's trousers caught in the protruding rod of a
magazine rack in a restaurant. Plaintiff offered evidence of a state-
ment made by defendants' agent some five or six minutes after the fall
to the effect that the agent said he was going to move the rack before
somebody else got hurt and that it ought to have been moved before as
it was too close to the door. *Held:* The declaration of the agent amount-
ed to a mere expression of opinion as to what should have been done and
as to what should be done in the future, and was not a part of the *res
gestae* and, therefore, was properly excluded.

**6. Negligence § 4f(2)—**

The proprietor of a restaurant is under duty to maintain the premises
in such condition as a reasonably careful and prudent operator would
deem sufficient to protect patrons from danger while exercising ordinary
care for their own safety.

**7. Same—**

The proprietor of a restaurant cannot be held liable for injuries re-
sulting to a patron from a condition of the premises unless the proprie-
tor could and should have reasonably foreseen that such condition was
likely to cause injury.

**8. Same— Evidence held insufficient to show that proprietor should have anticipated that condition of premises was likely to cause injury.**

Nonsuit was reversed on prior appeal in this action by a patron to recover for a fall in defendants' restaurant resulting when plaintiff's trouser cuff caught on a protruding rod of a magazine rack at the door of the restaurant, but at the second trial crucial evidence tending to show that defendants could and should have foreseen injury to a patron from such condition was properly excluded as incompetent, and there were other variations in the evidence as to the condition of the premises. *Held:* In the absence of evidence upon the second trial sufficient to support a finding that defendants could and should have reasonably foreseen that the condition was likely to cause injury to their patrons, nonsuit was properly entered.

APPEAL by plaintiff from *Thompson, Special J.,* September Special Civil Term, 1958, of RANDOLPH.

Civil action to recover damages for personal injuries.

Plaintiff alleged: On September 3, 1955, he, an invitee, was in defendants' restaurant, operated "in close quarters," located at the High Point Bus Terminal. Defendants negligently maintained on said premises a newspaper and magazine rack. An iron rod extended "less than one inch" over the edge of said rack. Plaintiff's trousers caught on the end of this projecting rod. This proximately caused plaintiff's fall and injuries.

The first trial in superior court was conducted at November Term, 1957. Judgment of involuntary nonsuit then entered was reversed by this Court in *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195.

After our former decision, the case was tried *de novo* in superior court at the above designated term. Again, at the close of plaintiff's evidence, judgment of involuntary nonsuit was entered.

Plaintiff excepted and appealed.

*Ottway Burton and Don Davis for plaintiff, appellant.*
*James B. Lovelace for defendants, appellees.*

BOBBITT, J. As in *Maddox v. Brown,* 233 N.C. 519, 521, 64 S.E. 2d 864, where the rules applicable are fully stated, decision turns on "whether the evidence on the retrial was substantially the same as, or materially different from, that adduced at the previous trial." See *Jernigan v. Jernigan,* 238 N.C. 444, 78 S.E. 2d 179, and cases cited.

The evidence relating to the cause and circumstances of plaintiff's fall consists of plaintiff's testimony. Except as stated below, it is substantially the same as his testimony at the trial at November Term, 1957, set forth in detail by *Johnson, J.,* in the opinion in

*Sledge v. Wagoner*, 248 N.C. 631, 104 S.E. 2d 195. Variations in small particulars need not be discussed.

At the first trial, pertinent to his contention that the passageway was obstructed, plaintiff testified he could "open the door 24 inches from the door facing to the corner of the table," and when he pushed on the door it opened just wide enough for him to "sidle in." At the second trial, plaintiff testified: "The width of that door from jamb to jamb is 36 inches." Again: "From the right-hand door facing to the corner of the table was forty-seven inches." Again: "With those chairs here you could open it around thirty-one inches the way the chairs were occupied." Again: ". . . this rack was approximately four inches from the edge of the door. I won't say for sure, it could have been a little more." He did not use the phrase, "sidle in," or testify that he could not or did not open the door sufficiently wide to enable him to walk into the restaurant without coming in contact with the magazine and newspaper rack. We need not determine whether these variations, standing alone, are sufficiently material to require decision contrary to that reached on the former appeal.

According to plaintiff's testimony, the "little snag" or "spur," on which the cuff of his right trouser leg caught, was approximately three inches from the floor and "anywhere from a half to three-quarters of an inch" in length. The complaint alleged "That the side of the projecting rod was too small to detect by the plaintiff, but that it was large enough to catch in his pants leg . . ." He testified he first observed the "snag" from his position on the floor after he fell. The plaintiff had been in this restaurant almost daily during the six months preceding his fall.

At the first trial, plaintiff testified, *without objection,* that Wood, the restaurant manager, told him that "he ought to have moved that magazine rack before somebody got hurt." On former appeal, this was referred to as "the crucial evidence" relative to foreseeability as an element of proximate cause, which, "with other corroboratory evidence suffices to make the question of foreseeability one for the jury."

At the second trial, *on objection by defendants,* the court excluded this proffered testimony: When asked what statement, if any, Wood made with reference to the rack, plaintiff answered: "He said, 'I am going to move this before somebody else gets hurt'; said 'It ought to have been moved before, it is too close to the door.'" Plaintiff insists that this testimony as to Woods declarations was competent and should now be considered. (Note: At the second trial, plaintiff did not testify or proffer testimony that Wood then moved the

rack and carried it out and said he was going to dispose of it.)

Wood worked in defendants' restaurant and served plaintiff on many occasions. On September 3, 1955, plaintiff entered the restaurant and ordered a cup of coffee. Wood served him. Plaintiff left his coffee on the counter and went (through the swinging door) into the waiting room in order to check the bus schedule. He fell when he re-entered the restaurant. Plaintiff testified: "As to how long after I fell before I had any conversation with Mr. Wood about the rack, I don't know the minutes they were, it was a few minutes, he came around, possibly five or six minutes, just a few minutes. I had got up and sitting up on my stool. I was going to drink my coffee and I was hurting so bad I couldn't, made me sick."

Plaintiff assigns as error the exclusion of evidence offered to show that Wood was *the manager* of defendants' said restaurant.

Plaintiff's testimony that Wood *said* he was the manager was incompetent and properly excluded. ". . . extrajudicial declarations of an alleged agent are inadmissible to establish either the fact of agency or its nature and extent, such statements being regarded as heresay and offered for the purpose of proving the truth of the factual matter therein asserted." *Parrish v. Manufacturing Co.*, 211 N.C. 7, 11, 188 S.E. 817, and cases cited; *Commercial Solvents v. Johnson*, 235 N.C. 237, 69 S.E. 2d 716.

The agreed case on appeal states: "Plaintiff offered into evidence a portion of an unverified and unsigned purported copy of a purported reporter's transcript (attached hereto as plaintiff's Exhibit 'H') of the testimony of one Bryce Wagoner at a hearing before the Clerk upon a motion in a civil action entitled: 'Willard Robert Sledge, Plaintiff v. Bus Terminal Restaurant of North Carolina, Inc., defendant.'" There was no testimony that Bryce Wagoner, a defendant in the present action, made the statements attributed to him in answers set forth in the portion of the purported copy of purported transcript offered by plaintiff. Moreover, there was no identification of this transcript by the person who purportedly prepared it. Under these circumstances, this proffered evidence was properly excluded.

Too, the court properly excluded plaintiff's Exhibit "I," a paper purporting to be an affidavit of J. Bernard Parker, a defendant herein. No testimony was offered to identify the signature of J. Bernard Parker. Moreover, its exclusion did not prejudice plaintiff. Indeed, it sets forth that the said restaurant in High Point was one of the restaurants operated by defendants herein as partners, trading under the firm name of Bus Terminal Restaurants of North Carolina, and that Wood was an employee of the High Point restaurant.

The evidence suffices to show that Wood was an agent of defend-ants. We consider now whether, as contended by plaintiff, the exclusion of plaintiff's testimony concerning Wood's declarations was erroneous.

Clearly, the statement or remark attributed to Wood was not competent as a spontaneous statement or utterance. VI Wigmore on Evidence, 3rd Ed., § 1746; Stansbury, North Carolina Evidence, § 164; *Staley v. Park*, 202 N.C. 155, 162 S.E. 202; *Johnson v. Meyer's Co.*, 246 N.C. 310, 313, 98 S.E. 2d 315. It was simply Wood's appraisal, *after plaintiff's fall*, of what he *then* thought should have been done and should be done to avoid the possibility of contact by plaintiff and others with the newspaper and magazine rack. It does not suggest that Wood had knowledge or notice of any prior incident in which plaintiff or any other person had encountered any difficulty on account of this rack nor was there evidence that any such prior incident had occurred.

There is no evidence that Wood was authorized by defendants, his principals, to make such a statement or remark. Moreover, it did not relate to a transaction then pending wherein Wood purported to speak for defendants. *Fanelty v. Jewelers*, 230 N.C. 694, 697, 55 S.E. 2d 493, and cases cited. In the *Fanelty* case, a statement by defendant's store manager, made in a casual conversation a month or so after plaintiff had fallen in the store entryway, that "the store had 'a very dangerous front,' " was held properly excluded. Here, as in the *Fanelty* case, the statement or remark appears to be no more than an expression of opinion.

The well settled rule is stated by *Stacy, C. J.*, in *Hubbard v. R. R.*, 203 N.C. 675, 678, 166 S.E. 802, as follows: "It is the rule with us that what an agent or employee says relative to an act presently being done by him within the scope of his agency or employment, is admissible as a part of the res gestae, and may be offered in evidence, either for or against the principal or employer, but what the agent or employee says afterwards, and merely narrative of a past occurrence, though his agency and employment may continue as to other matters, or generally, is only hearsay and is not competent as against the principal or employer." *Hughes v. Enterprises*, 245 N.C. 131, 135, 95 S.E. 2d 577; Stansbury, North Carolina Evidence, § 169, and cases cited.

In *Staley v. Park, supra*, the plaintiff fell when going down a flight of steps on defendant's premises. She alleged, *inter alia*, that the carpet on the top steps had worn away. Plaintiff testified that, after her fall, the man in charge of the premises said: "We had intended to

fix that carpet, but had just neglected to do so." Evidence of these declarations was held incompetent. Decisions of like import include *Hughes v. Enterprises, supra,* and *Brown v. Montgomery Ward Co.,* 217 N.C. 368, 8 S.E. 2d 199. It is noteworthy that these cases involved an agent's declarations as to what he had observed or done prior to the plaintiff's fall. *A fortiori,* declarations consisting merely of an appraisal or expression of opinion, after plaintiff's fall, as to what should have been done and as to what should be done in the future, are incompetent.

Plaintiff relies largely on *Carlton v. Bernhardt-Seagle Co.,* 210 N.C. 655, 188 S.E. 77, where this Court held competent a report, containing statements of fact, filed by the employer's manager with the North Carolina Industrial Commission. Such report constituted the employer's compliance with the requirements of the statute now codified as G.S. 97-92. Obviously, an employer cannot disavow the authority of the agent who acts in his behalf in filing a report required by statute. With reference to *a compensation claim,* it is noted: "There must be some casual relation between the employment and the injury; but if the injury is one which, *after the event,* may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." (Our italics) *Conrad v. Foundry Co.,* 198 N.C. 723, 726, 153 S.E. 266; *Guest v. Iron & Metal Co.,* 241 N.C. 448, 451, 85 S.E. 2d 596.

For reasons stated, the exclusion of the testimony as to Wood's declarations was correct.

The legal duty of defendants was to maintain their restaurant premises in such a condition as a reasonably careful and prudent restaurant operator would deem sufficient to protect patrons from danger while exercising ordinary care for their own safety. *Skipper v. Cheatham,* 249 N.C. 706, 107 S.E. 2d 625, and cases cited. Defendants are not liable for injuries resulting to plaintiff from his contact with the newspaper and magazine rack unless they could and should have reasonably foreseen that this rack was likely to cause injury to their patrons.

Absent the evidence considered crucial by this Court on former appeal, we have concluded that plaintiff's evidence at the second trial was insufficient to support a finding that defendants could and should have reasonably foreseen that the newspaper and magazine rack described in the evidence was likely to cause injury to their patrons.

It is noted that *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195, has been cited as authoritative, in respect of the principles of law

stated therein, in subsequent cases: *Bemont v. Isenhour*, 249 N.C. 107, 105 S.E. 2d 431; *Skipper v. Cheatham, supra; Little v. Oil Corp.*, 249 N.C. 773, 107 S.E. 2d 729; *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S. E. 2d 461.

The judgment of involuntary nonsuit is affirmed.

Affirmed.