**MONTGOMERY WARD & COMPANY,**
Inc., Appellant,

v.

**Mary F. BAILEY, Appellee.**

No. 7907.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 12, 1959.

Decided Oct. 23, 1959.

---

William C. Lassiter and Samuel R. Leager, Raleigh, N. C. (James H. Walker, Raleigh, N. C., on the brief), for appellant.

George F. Bason, Raleigh, N. C. (James H. Pou Bailey, Raleigh, N. C., on the brief), for appellee.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken from a judgment of the District Court wherein Montgomery Ward & Company, Inc. was held liable to Mary F. Bailey for injuries suffered when she fell upon the floor of a store maintained by the Company in Raleigh, North Carolina.

The case was tried by the District Judge without a jury. He found that the plaintiff was a prospective customer in the store and slipped and fell by reason of the presence of motor oil on the floor, caused by the manner in which the defendant conducted the sale of motor oil on the premises. Based on this finding and the evidence which showed the extent of the injuries caused by the fall, and the expenses incident thereto, the District Judge found a verdict for the plaintiff in the sum of $5,000.00.

The plaintiff went to the store to make a purchase and was directed to the basement where she learned that the material she sought was not available. She fell and was hurt while she was on her way out of the store to the stairway that led to the floor above and the exit to the street. She was walking in an aisle 4½ to 5 feet wide between a counter on her left and five large metal cylindrical drums, which were placed against the wall and contained motor oil for retail sale, on her right. She slipped on the oil on the floor and fell near the end of the counter and a cross aisle that led to the foot of the stairs. The point at which she fell was about 7 feet from the nearest oil drum.

There was no direct evidence to show how the oil came to be on the floor but immediately after the fall C. H. Crowe, an employee of the defendant, came out of a door to a stockroom located at the end of the aisle where the defendant fell and approached her and said to someone nearby, "I told you to get this oil up", and then asked the plaintiff if she was hurt.

This evidence was not contradicted. The District Judge, however, did not base his verdict on a finding that the defendant had explicit advance notice of the slippery substance on the floor before the accident and was negligent in failing to remove it; he based his conclusions on the ground that the defendant sold and served oil to customers in such a manner as to be likely to create a dangerous condition in the overflow of the liquid unless great care were used to prevent it and that, in this case, it might fairly be inferred that due care was not exercised. The evidence showed that the oil pumps were used to dispense the oil into containers furnished by the customers. Each drum was equipped with a device operated by a spring designed to close the outlet of the drum when the customer had been served; but it was not unlikely that the oil would overflow or run down the sides of the container which the customer would then carry out of the store by walking in the aisle toward the foot of the stairway. The finding of negligence on the part of the defendant was therefore supported by the evidence.

The defendant depends upon the general rule, amply supported by the North Carolina decisions, that a storekeeper may not be held liable for accidental injuries caused by foreign substances on the floor of his place of business unless the evidence shows that the deposit was due to his own neglect or, if it was placed on the floor by another, such as customers of the store, unless he had notice of the condition and an opportunity to correct it before the accident occurred. Thus, in Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625; Griggs v. Sears, Roebuck & Co., 218 N.C. 166, 10 S.E.2d 623; Fanelty v. Rogers Jewelers, Inc., 230 N.C. 694, 55 S.E.2d 493, storekeepers were held liable for injuries due to the presence of a substance on the floor such as floor wax applied by the owners, whereas in such cases as Cooke v. Great Atlantic & Pacific Tea Co., 204 N.C. 495, 168 S.E. 679; Fox v. Great Atlantic & Pacific Tea Co., 209 N.C. 115, 182 S.E. 662; Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, 12 S.E.2d 242, and Jackson v. Hudson-Belk Co., 229 N.C. 795, 50 S.E.2d 36, the

proprietor was exonerated from liability for the presence of various substances, such as articles of food even though similar articles were on sale in the establishment, since there was no evidence to show how long the substances had been on the floor or that the defendant had had an opportunity to remove it.

The question for decision is into which of these two categories the present case falls. The defendant argues that it is relieved from liability because the plaintiff failed to offer any direct evidence as to how the oil came to be on the floor or how long it had been there when she fell. We think, however, that this is a case in which notice of the oil on the floor was not a prerequisite to liability since its presence was foreseeable from the way in which the business was conducted to that, as the District Judge held, it was the duty of the defendant to take care that customers would not be hurt. In our opinion, it is a reasonable inference that the sole source of the motor oil on the floor was the supply of motor oil in the pumps and that, in filling the customers' containers from an open outlet, it was reasonable to expect that some oil would overflow or be spilt on the sides of the containers and find its way to the floor when they were handled by the defendant's salesmen or the customers in a narrow aisle constantly used by customers on their way to and from the exit stairway.

That foreseeability of an accident may impose a duty on the defendant and result in liability in a case of this kind, unless proper precautions are taken, is shown in the following quotation from Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, at page 733, 12 S.E. 2d 242, at page 243, where both aspects of the North Carolina rule are described:

"When claim is made on account of injuries caused by some substance on the floor along and upon which customers will be expected to walk, in order to justify recovery, it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew, or by the exercise of due care should have known, of its presence in time to have removed the danger or given proper warning of its presence. Thus, before plaintiff can be permitted to recover she must first offer evidence tending to show (1) negligent construction or maintenance resulting in a condition which would cause a person of ordinary care to foresee that some injury was likely to result therefrom; and (2) express or implied notice of such condition * * *".

Again in Hughes v. Anchor Enterprises, 245 N.C. 131, 95 S.E.2d 577, 580, 63 A.L.R.2d 685, the following statement of the rule was made:

"It is well to bear in mind that, when the unsafe condition is created by a third party, it must be made to appear that it had existed for such a length of time that the defendant knew or by the exercise of due care should have known of its existence; but this is not required when the unsafe condition is created by the defendant's employee(s)".

See also Sledge v. Wagoner, 248 N.C. 631, 104 S.E.2d 195 and 250 N.C. 559, 109 S.E.2d 180.

In Dickey v. Hochschild, Kohn & Co., 157 Md. 448, 146 A. 282, an accident to a customer was caused by the loose end of an iron strap being raised above the surface of a step of a stairway used by the plaintiff. The strap was designed to be fastened to the step by a screw, and there was a hole for the screw for the loose end but there was no screw in it. In holding that this situation of itself furnished evidence of negligence on the part of the storekeeper and that it was not necessary for the plaintiff to prove that the storekeeper had notice thereof, the court said (157 Md. at page 452, 146 A. at page 283):

"The appellee [defendant] should have anticipated that as a result of the wear and tear to which they would be subjected the material on

the surface of the steps would at some time become worn and defective, and ordinary care required it to maintain some system of inspection which would discover that condition in time to remedy it before it resulted in injury to its customers. It is undoubtedly true that it was in no sense an insurer of the safety of its customers, but to exonerate it from any responsibility for the condition of the step which caused the accident unless it actually knew of the defect, or unless the plaintiff showed that it had existed for so long a period that defendant was charged with constructive notice of it, would be in effect to shift the duty of inspection from the storekeeper to the customer. The rule prescribing notice actual or constructive as an essential ingredient of negligence in permitting the existence of such a defect as that which resulted in the injury in this case does not mean that before he can be charged with negligence it is necessary to notify an alleged tort-feasor of his own breach of duty, but that after he has used ordinary care to prevent or discover any such condition and it nevertheless occurs, then its existence is no evidence of his negligence unless he actually knew or had a reasonable opportunity to know of it. 45 C.J. 653–655, and text-notes."

■■ The defendant makes the additional contention that the District Court committed error in admitting the evidence as to the statement made by the witness Crowe in the presence of the plaintiff immediately after her fall. Under the North Carolina rule, what is said by an agent or an employee of a party to the case relative to an act presently being done by him within the scope of his agency or employment is admissible as part of the *res gestae*, but what he says afterwards in narration of a past occurrence is only hearsay and therefore is not competent evidence. In this instance, however, it was spontaneous and followed so closely upon the plaintiff's fall as to be practically contemporaneous. It was therefore admissible under the general rules as well as the North Carolina rule with reference to *res gestae* statements. See Salmon v. Pearce, 223 N.C. 587, 27 S.E.2d 647; Sledge v. Wagoner, 250 N.C. 559, 109 S.E.2d 180.

We do not think that the statement became inadmissible because it was not shown that Crowe was in charge of the department of the business in which the sales of oil were made. It is conceded that he was an employee of the defendant and it is evident that he had assumed some responsibility for the presence of the oil on the floor and had attempted to correct it. His statement was not considered by the District Judge and is not now considered by us as evidence tending to show that the substance had been on the floor long enough for the defendant to correct the condition, but it is, nevertheless, relevant to support the testimony of the plaintiff that the fall was occasioned by the presence of the oil in the aisle over which she was walking.

■ The defendant also contends that the award of damages in the sum of $5,-000.00 was excessive and therefore should be reversed as clearly erroneous under Rule 52(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Since no bones were broken in the fall the judge surmised that if the plaintiff had been perfectly well, the suit would probably not have been brought. On the other hand, however, the judge found that the fall accentuated certain abnormal conditions from which the plaintiff was suffering and rendered her unable to work fully at her occupation of waitress for a substantial period of time. The evidence showed that before the fall the plaintiff had never had pains in her back and legs, or other female irregularities, but that after the accident she suffered considerable pain and discomfort from both of these sources and that this condition persisted for a period of about eight months after the fall. In addition, she was obliged to incur hospital, doctors and medical expenses necessitated by the accident. Under these circumstances it

578

cannot be said that the verdict was excessive.

The judgment of the District Court is affirmed.

Affirmed.