FANNIE KARRIKER, PLAINTIFF v. ROBERT ODELL SIGMON, DEFENDANT

No. 7919SC18

(Filed 2 October 1979)

Compromise and Settlement § 6; Trial § 11.1— jury argument— matters outside record—attempt to compromise claim

In an action to recover for personal injuries sustained in an automobile accident plaintiff is entitled to a new trial where defendant's attorney, in his argument to the jury, made statements concerning the lack of damage to plaintiff's car and defendant's attempts to settle the case outside court, since the pleadings did not raise an issue with reference to damage to plaintiff's car and the attorney's argument was therefore outside the record, and since counsel may not argue efforts to compromise a claim to the jury.

APPEAL by plaintiff from *Seay, Judge.* Judgment entered 11 August 1978 in Superior Court, ROWAN County. Heard in the Court of Appeals 20 September 1979.

This civil action was instituted by plaintiff against defendant to recover for personal injuries allegedly sustained in an

automobile accident. The material allegations of plaintiff's complaint were denied by defendant. The case was tried with two issues submitted to the jury. Issue No. 1 was answered in favor of defendant, and the trial court denied plaintiff's motion for judgment notwithstanding the verdict pursuant to G.S. 1A-1, Rule 50, of the Rules of Civil Procedure. Plaintiff appealed.

*Robert M. Davis, for plaintiff appellant.*

*Hartsell, Hartsell & Mills, for defendant appellee.*

ERWIN, Judge.

The record reveals that the attorney for defendant, in his argument to the jury, made the following statements over the objection of plaintiff:

" 'The plaintiff was not hurt. The auto was in her name and she did not sue for damage to her car. This shows you there was little or no damage to the car. She would have sued for the damage if there had been any.'

He also argued:

'This is a case that should not be here. The defendant made an effort to dispose of the matter, but plaintiff would not be reasonable.' "

Plaintiff contends that the argument was improper and prejudicial to her. We agree and award the plaintiff a new trial.

We are aware of the general rule in this State that the comments of counsel during argument to the jury must be left, ordinarily, to the sound discretion of the judge who tries the case; and this Court will not review his discretion, unless it is apparent that the impropriety of counsel was gross and well calculated to prejudice the jury. *Lamborn v. Hollingsworth*, 195 N.C. 350, 142 S.E. 19 (1928).

Plaintiff relies on *Crutcher v. Noel*, 284 N.C. 568, 572, 201 S.E. 2d 855, 857, *reh. denied*, 285 N.C. 597 (1974), wherein our Supreme Court stated:

"The general rule is that counsel may argue all the evidence to the jury, with such inferences as may be drawn

therefrom; but he may not 'travel outside of the record' and inject into his argument facts of his own knowledge or other facts not included in the evidence. *Cuthrell v. Greene,* 229 N.C. 475, 50 S.E. 2d 525; *State v. Little,* 228 N.C. 417, 45 S.E. 2d 542; and *Perry v. Western North Carolina R. Co.,* 128 N.C. 471, 39 S.E. 27."

*Crutcher, supra,* controls the issue before us.

The pleadings did not raise an issue with reference to the damage to plaintiff's car or whether or not plaintiff should have sued for damages to her car. This argument was outside the record before the court and did not relate to any reasonable inference arising from the evidence.

By case law, plaintiff may not show efforts made by her to settle or compromise her case during the trial of it. *Hughes v. Enterprises,* 245 N.C. 131, 95 S.E. 2d 577 (1956); *Gibson v. Whitton,* 239 N.C. 11, 79 S.E. 2d 196 (1953); *Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410 (1953); *Merchant v. Lassiter,* 224 N.C. 343, 30 S.E. 2d 217 (1944); *Mahaffey v. Sodero,* 38 N.C. App. 349, 247 S.E. 2d 772 (1978); 3 Strong's N. C. Index 3d, Compromise and Settlement, § 6, p. 139. Suffice it to say, this rule applies equally to plaintiff and defendant. Since such evidence may not be properly introduced at trial, it clearly follows that neither counsel for plaintiff nor defendant may argue such to the jury.

When counsel makes an improper argument, it is the duty of the trial court, upon objection as here, or *ex mero moto,* to correct the transgression by clear instructions. If timely done, such action will often remove prejudicial effect of improper argument. *Crutcher v. Noel, supra.* By overruling plaintiff's objection, the jury may have considered the argument to be proper to the prejudice of plaintiff. We are compelled to award plaintiff a new trial in this case where there were no other errors.

New trial.

Judges VAUGHN and HILL concur.