CATHLEEN R. ELLIS v. RAYMOND C. ELLIS

No. 8310DC671

(Filed 5 June 1984)

1. **Divorce and Alimony § 21.9; Statutes § 3— equitable distribution statute not unconstitutionally vague**

   North Carolina's equitable distribution statute, G.S. 50-20, is not unconstitutionally vague in that it sets forth reasonably clear guidelines and definitions for courts to interpret and administer it uniformly and in accordance with the legislative intent.

2. **Divorce and Alimony § 21.9— failure to state factors considered in determining whether equal division of marital property would be equitable—no reversible error**

   While the better practice in a divorce case would be for the court to specifically state in the judgment that it concluded that an equal division of the marital property would not be equitable, and that it had considered the enumerated factors as required in reaching this conclusion, the court is not required to state this. In the present case, by stating in the judgment that the parties "are entitled to an equitable distribution of all separate and marital property," and by distributing the marital property in what appeared to be an unequal manner, the court by implication indicated that an equal distribution would not be equitable.

APPEAL by defendant from *Sherrill (Russell, III), Judge.* Judgment entered 24 January 1983 in District Court, WAKE County. Heard in the Court of Appeals 10 April 1984.

Defendant husband appeals from a judgment of the Wake County District Court distributing the marital property of the parties pursuant to G.S. 50-20. The parties were married on 4 December 1976 and separated on 29 October 1981. On 24 January 1983, the trial court granted plaintiff an absolute divorce from defendant on grounds of adultery stipulated to by defendant. That same day a hearing was held on the parties' applications for equitable distribution. At the close of plaintiff's evidence, defendant moved to dismiss the proceeding on the grounds that G.S. 50-20 is unconstitutional, which motion was denied.

In its judgment of equitable distribution, the court made detailed findings of fact which are uncontested. Based upon such findings, the court concluded that the parties "are entitled to an equitable distribution of all separate and marital property." The court then identified the separate property of each party and dis-

tributed the marital property. As part of its distribution of the marital property, the court concluded that plaintiff was entitled to sole possession of a 27-acre tract of land which was titled in the names of both parties and ordered:

> "That the defendant is hereby divested of all right, title and interest in that approximately 27 acres of land more particularly described in Deed Book 2609, Page 14, Wake County Registry, and a copy of this Judgment shall be recorded among the records in the Wake County Registry showing a conveyance from Raymond C. Ellis, III to Cathleen Anne Rubens."

The court further ordered that the parties execute any and all documents necessary to effectuate the terms of the judgment.

*Boxley, Bolton and Garber, by Ronald H. Garber, for plaintiff appellee.*

*Robert A. Hassell for defendant appellant.*

WEBB, Judge.

[1] Defendant first argues that G.S. 50-20 is unconstitutionally vague on its face and as applied in this case. He contends the statute is so ambiguous that it allows orders to be drawn obscurely, and that it inadequately distinguishes between marital and separate property. The constitutional doctrine that statutes may be held void for vagueness is designed to require that statutes adequately warn people of conduct required of them. G.S. 50-20 does not govern conduct by people but assuming the doctrine is applicable in this case, we do not believe the statute is unconstitutionally vague.

The test for determining whether a statute is unconstitutionally vague was set forth by our Supreme Court in *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 (1969), *aff'd*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed. 2d 647 (1971) as follows:

> " 'A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' (Citations omitted.) Even so, impossible standards of statutory

clarity are not required by the constitution. When the language of a statute provides an adequate warning as to the conduct it condemns and prescribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met. (Citation omitted.)"

275 N.C. at 531, 169 S.E. 2d at 888. A statute must be examined in the light of the circumstances in each case, and the person who contests the validity of the statute has the burden of showing that the statute provides inadequate warning as to the conduct it governs or is incapable of uniform judicial administration. *See In re Biggers,* 50 N.C. App. 332, 274 S.E. 2d 236 (1981).

We believe G.S. 50-20 sets forth reasonably clear guidelines and definitions for courts to interpret and administer it uniformly and in accordance with the legislative intent. The United States Supreme Court has recognized that there are certain areas where, by the nature of the problems presented, legislatures simply cannot establish standards with great precision. *See Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed. 2d 605 (1974). We feel the distribution of marital property upon dissolution of a marriage is one such area. The equitable distribution statutes of other states have been similarly attacked on vagueness grounds and have been upheld. *See Painter v. Painter,* 65 N.J. 196, 320 A. 2d 484 (1974) (the words "equitable distribution" set forth a standard which is not unconstitutionally vague); *Fournier v. Fournier,* 376 A. 2d 100 (Me., 1977) and *In re Marriage of Thornqvist,* 79 Ill. App. 3d 791, 399 N.E. 2d 176 (1979) (the fact an equitable distribution statute does not delineate all the factors which a court must consider in reaching its decision does not render the statute unconstitutionally vague). We hold that North Carolina's equitable distribution statute, G.S. 50-20, is not unconstitutionally vague.

[2] Defendant next contends the judgment of equitable distribution in this case is neither valid nor binding because it allegedly fails to meet the required statutory form for distributing marital property. In support of his contention, defendant alleges that there are the following four errors in the form of the judgment which cause it to be fatally defective: (1) the court failed to state that it had concluded that an equal division in this case would not be equitable; (2) the court failed to state that it had considered

the factors enumerated in G.S. 50-20(c) in reaching its decision; (3) the court failed to properly convey defendant's interest in the 27-acre tract of land to plaintiff in that the court merely divested defendant of his interest and did not vest such interest in plaintiff; and (4) the court erred in attempting to allocate separate property as well as marital property in the judgment. We do not agree that there is any required statutory form for judgments of equitable distribution, nor do we agree that the judgment in this case is fatally defective as alleged by defendant.

G.S. 50-20(c) states that "[t]here shall be an equal division . . . of marital property unless the court determines that an equal division is not equitable." By stating in the judgment that the parties "are entitled to an equitable distribution of all separate and marital property" and by distributing the marital property in what appears to be an unequal manner, the court by implication indicated that an equal distribution would not be equitable in this case. There is nothing in the record which indicates that the court ignored the mandate of the statute or failed to consider the enumerated factors. The property distribution ordered by the court is supported by the findings of fact and appears to be a fair and reasonable distribution. While we believe the better practice in a case such as this would be for the court to specifically state in the judgment that it had concluded that an equal division of the marital property would not be equitable, and that it had considered the enumerated factors as required in reaching this conclusion, we do not believe the court is required to state this. We believe the judgment in the present case is sufficiently specific without this additional conclusion for us to determine that the trial court correctly applied the law.

Furthermore, we find no merit in the remaining arguments presented by defendant with respect to the alleged invalidity of the judgment. We believe the language in the judgment was sufficient to convey defendant's interest in the 27-acre tract of land to plaintiff in accordance with Rule 70 of the North Carolina Rules of Civil Procedure. Moreover, we do not interpret the language in the judgment as demonstrating an attempt by the court to allocate the parties' separate property. The court merely identified what property belonging to the spouses was separate property, thereby indicating that only the remaining property was marital property and thus eligible for distribution. We hold the

judgment of the trial court is valid and binding in all respects and must be affirmed.

Affirmed.

Judges HILL and WHICHARD concur.