MARY NANCY ALMOND McMANUS v. JOSEPH BRINSON McMANUS

No. 8420DC1032

(Filed 17 September 1985)

1. **Appeal and Error § 24.1— burdensome assignments of error—proper procedure**

    An issue can be raised by filing one assignment of error that states the issue just once and which cites all exceptions on which it is based. Rules of App. Procedure Rule 10(c).

2. **Divorce and Alimony § 30— findings of marital property—no error**

    The trial court did not err in an equitable distribution action by finding that cash, stock, and a Dodge van were marital property, and that deck furniture was the separate property of plaintiff. Although the evidence does not directly show that defendant had the cash when the parties separated, it clearly permits that inference; although defendant testified that the stock was a gift from his father and therefore separate property, the stock was acquired during the marriage and G.S. 50-20 creates the presumption that all property so acquired was marital property; the weight and credibility of defendant's testimony was for the trial court to determine; the van was a 1973 model which was originally titled in defendant's name and defendant testified that he did not know whether he sold it before or after the separation, which is hardly "cogent and convincing" proof that the van or the sale proceeds were not marital property; and the trial court found that the deck furniture had no value. G.S. 50-20(c).

3. **Divorce and Alimony § 30— equitable distribution—closely held corporation—properly determined**

    The trial court in an equitable distribution action properly determined that defendant's interest in a closely held corporation was worth $29,865. Defendant's interest included 35 shares of stock for which defendant paid $14,000, an option to complete the purchase of 215 more shares at the same price of $400 a share by weekly payments of $200 each, the right to vote all

McManus v. McManus

250 shares while the rest of the stock was being paid for, and the preemptive right to buy the remaining 250 shares of outstanding stock whenever the other owner desired to sell; defendant received an average annual dividend on the stock of $15,865 for the years 1981, 1982 and 1983.

4. Divorce and Alimony § 30— equitable distribution—mathematical inadvertence in judgment—no new trial

Where the trial court's judgment in an action for equitable distribution recited that the value of the property allocated to defendant exceeded that distributed to plaintiff by $2,747.36 and the actual difference in the value of the distributions according to the various other values found was $2,447.36, the error was but a typographical and mathematical inadvertence which was not a basis for a new trial and which was corrected by the Court of Appeals.

Judge EAGLES concurs in the result only.

Judge BECTON concurring in part and dissenting in part.

APPEAL by defendant from *Burris, Judge*. Judgment entered 27 February 1984 in District Court, STANLY County. Heard in the Court of Appeals 8 May 1985.

Defendant's appeal is from an equitable distribution made pursuant to G.S. 50-20. After finding that both parties had acquired certain individually owned property which they were entitled to keep, the court found that during the thirteen years between their marriage in 1968 and their separation in October, 1981 that the parties had acquired certain marital properties, determined their values, distributed them in kind between the parties, and the articles distributed to defendant being worth more than the articles distributed to plaintiff, defendant was directed to compensate plaintiff for the difference. Defendant contends that the court erred in determining the status of certain properties and in determining the values of others.

*Brown, Brown & Brown, by Charles P. Brown, for plaintiff appellee.*

*James, McElroy & Diehl, by David M. Kern, for defendant appellant.*

PHILLIPS, Judge.

[1]   At the threshold the inaptness and burdensome prolixity of defendant's assignments of error requires comment. *They fill*

*seven record pages*, 8 inches by 11 inches in size, an inordinate length for a case so limited in length and scope. Most of them do not comply with our appellate rules and are utterly superfluous, even though their purpose was to preserve every one of the myriad exceptions that were made to virtually every finding and ruling of the court, except the incidental findings concerning the marriage, separation and employments of the parties. For example, the court's ruling that a witness was an expert is the subject of one assignment and the court's acceptance of the witness's testimony is the subject of another; the court's finding that a 1973 Dodge van was marital property is the subject of three different assignments, one of which questions whether the evidence supports the finding that it was a 1973 model; and the court's finding that $9,799.25 in cash was marital property and therefore divisible between the parties is the subject of three different assignments, only one of which raises a legal issue for our determination, one of the others inexplicably asserting that the court erred in including the fund "in its judgment because no evidence exists with regard to disposal or use of the fund." By one assignment that has *nineteen separate subdivisions*—16 of which are supported by the same, identical 15 exceptions—defendant asserts that the "trial court erred in its valuation of the following items" and then lists 16 household articles and 3 other assets; but this multifarious assignment raises no issue of law for our determination, of course, since "the basis upon which error is assigned" is not stated in the assignment, as Rule 10(c) of our Rules of Appellate Procedure requires. *Town of Burnsville v. Boone*, 231 N.C. 577, 58 S.E. 2d 351 (1950). But in addition to being inadequate this 19-pronged assignment was completely superfluous; for by another 19 part assignment, each supported by the identical exceptions as the previous assignment, it is finally asserted that "[t]here was insufficient evidence" to support the court's findings that the same 19 items had the values stated. An assignment of error is supposed to raise a legal issue for the Court's determination, and not every exception to a ruling by the trial judge does that; many exceptions, though soundly made, are but the prelude to a justiciable legal issue, since appellate courts do not decide abstract questions and no legal issue of consequence is raised by errors that do no harm to the litigant. Thus, when an appellant's ultimate position is that he has been harmed by the court erroneously receiving into evidence opinion testimony from

an unqualified person, that legal issue can be raised by filing one assignment of error that says that just once and which cites all exceptions that relate either to the qualifications or improper testimony of the witness. To raise the legal issue whether the court's findings that 16 articles of household furniture are marital property are sufficiently supported by evidence, it was not necessary to file what in effect were sixteen assignments of error; the issue could have been raised by one properly phrased assignment, which cited just once the many exceptions it is based on. And the few other legal issues that the defendant desired to raise by this appeal could have been raised by a like number of similarly succinct and supported assignments of error. Mercifully, most of the multitudinous assignments were not discussed in the brief and therefore require no discussion by us.

[2] Now to the assignments of error that are supported by argument. Defendant contends that the evidence does not support the court's findings that $9,799.25 in cash, certain Triad Life stock, and a Dodge van were marital property, and that the deck furniture was the separate property of the plaintiff. These contentions are without merit and we overrule them. As to the cash fund, defendant argues that under G.S. 50-20(b)(1) marital property must be "presently owned" at the time of the separation and that since the evidence does not show that he owned the cash when they separated it was not marital property. We disagree. The evidence shows, as the court found, that—

22. Between September 22, 1981 and October 15, 1981 Defendant had cash funds of $9,799.25 unaccounted for but which he did not use to pay any outstanding debts, loans or taxes, or to make any purchases or home repairs or improvements of items, and that such amount far exceeded their ordinary monthly expenses.

While the evidence does not directly show that defendant had the money on October 15, 1981 when they separated, it clearly permits that inference. As to the Triad Life stock, defendant contends that it was a gift from his father and therefore separate property. His testimony does tend to support this claim; but the property was acquired during the marriage and G.S. 50-20 creates the presumption that all property so acquired is marital property, and requires the party claiming otherwise to prove his claim by

"clear, cogent and convincing" evidence. *Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33, *cert. denied*, 313 N.C. 508, 329 S.E. 2d 393 (1985). Under the circumstances, the weight and credibility of defendant's testimony was for the trial court to determine, and the court as trier of fact did not find defendant's testimony to be "clear, cogent and convincing." Our evaluation of the defendant's testimony cannot be substituted for that made by the trial court.

As to the 1973 Dodge van, the property division schedule incorporated into the court's judgment states that the van is a 1973 model, from which it can be inferred that it was acquired during the marriage and was marital property. Furthermore, defendant testified, in brief, that the van was originally titled in his name and that he did not know whether he sold it before or after the separation—which is hardly "cogent and convincing" proof that the van or the sale proceeds was not marital property. As to the deck furniture being plaintiff's separate property, even if this was error, as it apparently was, it was harmless, for the court found that it had no value and there was evidence to that effect. The Equitable Distribution Act requires the distribution of marital assets according to their "net value." *See* G.S. 50-20(c); *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985); Sharp, Equitable Distribution of Property in North Carolina: A Preliminary Analysis, 61 N.C. L. Rev. 247 (1983). It does not require the distribution of articles that have no net value.

[3] Defendant next contends that the trial court erred in finding that an interest in A & A Auto and Industrial Parts, Inc., a closely held corporation that defendant operated and served as president, is worth $29,865. The interest in question includes 35 shares of stock that defendant has already paid for at a cost of $14,000; the option to complete the purchase of 215 more shares at the same price of $400 a share by weekly payments of $200 each; the right to vote all 250 shares while the rest of the stock is being paid for; and the preemptive right to buy the remaining 250 shares of outstanding stock whenever the other owner desires to sell. The court's finding is based on evidence that defendant paid $14,000 for the stock, was buying more stock at the same price of $400 a share, and received an average annual dividend on the stock of $15,865 for the years 1981, 1982 and 1983. This is support enough in our opinion. The court's finding is further buttessed, however, by other evidence showing that his voting rights to both

McManus v. McManus

the stock he is in the process of buying, as well as the 35 shares already paid for, enables him to be president of the company and receive a much higher salary than he was receiving as an employee of the company before he contracted to buy the stock. Control of a profitable business has value, which can be determined in many different ways. *See Lavene v. Lavene*, 162 N.J. Super. 187, 392 A. 2d 621 (1978); Business Valuation Handbook, Desmond and Kelley, Second Edition (1979). The way that the court determined the value of the stock interest involved, which was distributed to defendant, was permissible in our opinion.

[4] Finally, defendant contends that the trial court's division of the property is neither equal nor equitable and was an abuse of discretion. The only bases advanced for this argument are those already discussed and rejected plus a mistake that the court made in calculating the value of the assets distributed to each party. The judgment recites that the value of the property allocated to defendant exceeds that distributed to plaintiff by $2,747.36 and that plaintiff's interest in that excess is therefore $1,373; whereas the actual difference in the value of the distributions, according to the various other values found, is $2,447.36. Thus, the equalizing payment required of defendant is only *$1,223.68*, rather than $1,373. But this error is no basis for granting a new trial; it is but a typographical and mathematical inadvertence which we herewith correct. With this modification only the judgment of the trial court is affirmed.

Modified and affirmed.

Judge EAGLES concurs in the result only.

Judge BECTON concurs in part and dissents in part.

Judge BECTON concurring in part and dissenting in part.

The majority opinion prompts responses on two levels. First, given the number of appeals that are dismissed, not to mention the number of times attorneys are admonished, when attorneys fail to comply strictly with the Rules of Appellate Procedure, I am loathe to castigate attorneys and to find specific fault when an overly cautious attorney makes more than one assignment of er-

ror or sets forth more than one exception to a particular ruling of the trial court.

Second, I concur in the majority's analysis of all issues except the Triad stock issue. In my view Mr. McManus proved by clear, cogent and convincing evidence that the Triad stock was his separate—not marital—property. *See Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33, *cert. denied*, 313 N.C. 508, 329 S.E. 2d 393 (1985). Indeed, the uncontradicted evidence was that during the course of the marriage between the parties, Mr. McManus' father bought stock in Triad Life and placed it in the name of each of his children, including Mr. McManus. Mr. McManus specifically testified that he did not put any of his own money into acquiring the stock and that his father gave the stock to him and not to the plaintiff, Mrs. McManus. Consequently, this case presents no issue on appeal in which my "evaluation of the defendant's testimony [is] . . . substituted for that made by the trial court." Ante. p. 5.

I reject the majority's implicit suggestion, relying on the statutory presumption that property obtained during the marriage is "marital property," that the trial judge as trier of the facts simply disbelieved Mr. McManus' evidence. I find no basis upon which the trial court could have found that the Triad stock constituted "marital property," and the trial court, therefore, erred in making the Triad stock a part of the "equitable distribution."