ELMER JOE PATTERSON v. LINDA J. PATTERSON

No. 859DC797

(Filed 3 June 1986)

1. **Divorce and Alimony § 16.6— alimony—defendant as dependent spouse—insufficiency of evidence**

Evidence was insufficient to support the trial court's determination that defendant was a dependent spouse and the court's order awarding defendant alimony is therefore vacated where defendant earned on her own a gross income which was nearly the same as that which the parties had earned as a unit, and defendant was therefore not actually substantially dependent upon plaintiff for her support, and where the trial court made no findings as to the parties' standard of living, present and prospective earnings, and reasonable expenses so as to determine whether defendant was "substantially in need."

2. **Divorce and Alimony § 24.1— child support—determination as to which expenses unreasonable—absence of findings**

The trial court's order awarding defendant child support must be vacated in the absence of crucial findings as to which of the child's expenses claimed

by the mother and which of the claimed expenses of plaintiff father were considered unreasonable by the court.

**3. Divorce and Alimony § 30— division of property not equal—child custody as basis**

The trial court's finding that an equal division of marital property would not be equitable was justified by its finding that defendant had sole custody of the minor child of the marriage.

**4. Divorce and Alimony § 30— equitable distribution—valuation and division of property proper**

There was no merit to plaintiff's contention that the valuation of the marital property given by the court-appointed appraiser was erroneous and that erroneous totals misled the trial judge into giving defendant more property than she otherwise would have received, since the parties had consented to the appointment of the appraiser and had agreed to be bound by his conclusions, and the trial judge considered each piece of marital property individually and divided the property appropriately.

**5. Divorce and Alimony § 30— equitable distribution—valuation of car proper**

In making an equitable distribution of marital property, the trial court did not improperly value the automobile owned by the parties at the time of separation at $1,000, where defendant testified that she believed the car to be worth $1,000 but she admitted to receiving $2,995 when trading the car in on a new automobile, while the blue book showed the car to be worth $3,250, since the subjective opinions of the owner of the property as to its value are admissible and competent, and the evidence tended to show that defendant invested $1,700 in repairing the car between the separation and the trade-in.

**6. Divorce and Alimony § 30— equitable distribution—failure to make findings as to joint bank accounts**

The trial court's order making an equitable distribution of marital funds existing at the separation must be vacated where the court made no findings at all as to joint checking and savings accounts.

**7. Divorce and Alimony § 18.16— attorneys' fees—insufficient findings as to dependency of spouse**

Where there were insufficient findings to support a determination that defendant was a dependent spouse, an award of attorneys' fees to defendant was improper; furthermore, attorneys' fees are not recoverable in an action for equitable distribution so that, in a combined action, the fees awarded must be attributable to work by the attorneys on the divorce, alimony and child support actions.

APPEAL by plaintiff from *Senter, Judge.* Judgment and order entered 1 April 1985 in District Court, FRANKLIN County. Heard in the Court of Appeals 7 January 1986.

Plaintiff appeals from a judgment ordering him to pay alimony, child support and attorneys' fees to defendant and ordering

an unequal distribution of the marital property. The parties were married on 18 April 1965 and separated on 23 March 1983. Plaintiff instituted an action for divorce and equitable distribution on 28 March 1984. Defendant counterclaimed for divorce, alimony, child custody and support and equitable distribution. The decree of absolute divorce was entered 11 June 1984, with the trial court retaining jurisdiction over the remaining matters. Those matters came on for hearing on 11 March 1985, and Judge Senter rendered judgment on 1 April. That judgment awarded defendant custody of the one minor child of the marriage with visitation privileges for plaintiff, $225.00 per month in child support and $125.00 per month in alimony. The judge found that "an equal division of the marital property would not be equitable" and ordered a distribution of the marital property which favored the defendant wife. Finally, plaintiff was ordered to pay $1,700.00 for his wife's attorneys' fees.

*Boyce, Mitchell, Burns and Smith, P.A., by Carole S. Gailor for plaintiff appellant.*

*E. Gregory Stott and Yarborough, Jolly and Williamson by W. M. Jolly for defendant appellee.*

PARKER, Judge.

Plaintiff challenges the portions of the judgment below relating to alimony, child support, equitable distribution and attorneys' fees. We shall consider each of these challenges separately.

## I. Alimony

[1] General Statute 50-16.2 provides that only a "dependent spouse" is entitled to alimony when one of the ten grounds listed in that statute is present. In this case, plaintiff stipulated that he had abandoned defendant. G.S. 50-16.2(4). His challenge to the award of alimony is based on the conclusion of the trial judge that defendant is, in fact, a "dependent spouse."

"Dependent spouse" is defined in G.S. 50-16.1(3) as a spouse "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." Our courts have interpreted "actually substantially dependent" to mean that

the spouse seeking alimony must be actually dependent upon the other "in order to maintain the standard of living in the manner to which that spouse became accustomed during the last several years prior to separation." *Williams v. Williams,* 299 N.C. 174, 180, 261 S.E. 2d 849, 854 (1980). The phrase "substantially in need of" has been interpreted as requiring the spouse seeking alimony to "establish that he or she would be unable to maintain his or her accustomed standard of living (established prior to separation) without financial contribution from the other." *Id.* at 182, 261 S.E. 2d at 855.

The evidence in this case relating to these issues was that in the several years prior to the separation, the parties' joint income was variable because Mrs. Patterson operated a small business out of her home, the income from which was unsteady. The couple's federal income tax return for 1981 shows a joint income of $15,958.96; the 1982 return shows income of $12,656.49; and the 1983 return shows income of $16,284.58. Mrs. Patterson testified that she now has a weekly gross income of $306.80, or approximately $15,900 annually. She is thus making, on her own, a gross income which is very nearly the same as the couple was making as a unit. Therefore, we cannot say that defendant is one "actually without means of providing for his or her accustomed standard of living," *Williams* at 180, 261 S.E. 2d at 854; for this reason she does not qualify as a "dependent spouse" under the first test for determining dependency.

However, as stated in *Williams, supra,* the second test, "substantially in need," refers to something less than being "actually substantially dependent." The analysis under this test is much more extensive and requires detailed and specific findings by the trial court. *See Quick v. Quick,* 305 N.C. 446, 290 S.E. 2d 653 (1982). These findings must determine the standard of living of the parties as a family unit, the present earnings and prospective earnings of each spouse at the time of the hearing, the reasonable expenses of the party seeking alimony, and the financial worth of both spouses. No findings appear in the record as to the crucial issue of the standard of living enjoyed by the couple in the years prior to the separation. Further, an alimony award should follow equitable distribution, duly taking into account the division of the marital property and the resulting estates of the parties. *Talent v. Talent,* 76 N.C. App. 545, 334 S.E. 2d 256 (1985).

Therefore, that portion of the order awarding alimony to defendant is vacated, and the cause is remanded for further findings on the issue of alimony.

## II. Child Support

[2]   The trial judge, as part of the judgment below, ordered plaintiff to pay $225 per month in child support to defendant, the custodial parent. The trial judge found as fact that the reasonable expenses of the child were "in excess of $500 per month." The incomes and monthly expenses of both parties were also found by the trial court. When supported by the proper findings of fact, the amount of child support is determined by the trial judge in the exercise of discretion. *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985). Absent a showing of abuse of that discretion, a judge's determination of what is a proper amount of support will not be disturbed on appeal. *Id.*

In his findings, the trial judge found that the reasonable expenses of the child were "in excess of $500." Yet, the child's mother claimed the child's expenses were $855.16. No finding was made by the trial court as to which expenses he considered unreasonable. This is a critical finding relating to the reasonable needs of the child. *See id.* The same is true as to the finding of the reasonable living expenses of the child's father. The trial court found those expenses to be $800, rejecting the claimed figure of $1,196.80. Again, the judge made no finding as to what claimed expenses of the father he considered unreasonable. Such a finding is critical for determining the father's ability to pay. Failure to make these crucial findings in its child support order requires us to vacate the order and remand the cause for further findings. *Id.* at 74, 326 S.E. 2d at 870.

## III. Equitable Distribution

[3]   General Statute 50-20 governs the distribution of marital property upon divorce, absent an agreement of the parties. Subsection (c) of that statute states, "There shall be an equal division by using net value of marital property unless the court determines that an equal division is not equitable." There are then enumerated factors which the court is to consider in determining whether an equal division is equitable. Contrary to appellant's assertion, a trial judge is not required, in the findings of fact, to

recite each factor and state the reasons for considering it or rejecting it. Rather, all that is required is for the trial judge to list the factors, statutory and non-statutory, that are supported by the evidence and which justify an unequal distribution. *See Alexander v. Alexander,* 68 N.C. App. 548, 315 S.E. 2d 772 (1984). The judge below found that an equal division would not be equitable for five listed reasons, but all relate to the fact that the defendant has sole custody of the minor child of the marriage. General Statute 50-20(c)(4) provides that the "need of a parent with custody of a child . . . of the marriage to occupy . . . the marital residence and to use or own its household effects . . ." is one factor to consider in determining whether an equal division would be equitable. Under the facts of this case, this factor alone justifies the unequal distribution of marital property without requiring the trial judge to simply recite the other factors. *See White v. White,* 312 N.C. 770, 324 S.E. 2d 829 (1985); *Ellis v. Ellis,* 68 N.C. App. 634, 315 S.E. 2d 526 (1984).

[4] Appellant also contends that the trial judge erred in the values assigned to various pieces of marital property. First, appellant argues the valuation of the marital property given by the court-appointed appraiser was erroneous. The parties had consented to the appointment of the appraiser and had agreed to be bound by his conclusions. The appraiser valued each individual piece of property and then totalled the values of the pieces in various rooms. The totals for the items located in the living room, the master bedroom and at the wife's father's house were erroneous on account of a mathematical error in adding the values of the individual pieces. Appellant contends that these erroneous totals misled the trial judge into giving defendant more property than she otherwise would have received. We cannot agree. The record demonstrates that the judge considered each piece of marital property individually, and divided the property appropriately, taking into consideration that the wife had sole custody of the child of the marriage. Therefore, we do not believe that the erroneous totals assigned by the appraiser to arbitrary groupings of marital property affected the trial judge's decision. *See McManus v. McManus,* 76 N.C. App. 588, 334 S.E. 2d 270 (1985).

[5] Appellant next argues that the court improperly valued the automobile owned by the parties at the time of separation. When

the divorce action is based on the ground of one year separation, the marital property must be valued as of the date of separation. G.S. 50-21(b). The defendant testified that she believed, at the time of separation, the car to be worth $1,000. However, she admitted to receiving $2,995 when trading the car in on a new automobile. The appellant produced at trial photocopied pages of the National Automobile Dealers Association "Blue Book" showing the car to be worth $3,250. The trial court refused to admit this evidence, ruling that it was inadmissible hearsay. Assuming, without deciding, that this evidence was admissible, we still believe competent evidence supports the finding of the trial judge valuing the automobile at $1,000. The subjective opinions of the owner of property as to its value are admissible and competent. *See Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E. 2d 204 (1983). The wife testified that, at the time of the separation, she was having tremendous maintenance problems with the car. She invested $1,700 in repairing the car between the separation and the trade-in. As for the "Blue Book" value, it is an estimate of the value of cars in good condition for their age; the problems Mrs. Patterson was experiencing with the car would reduce that assigned value. The finding that the car was worth $1,000 at the time of the separation is supported by competent evidence and, thus, was proper and is binding on this Court.

[6] Appellant further contends that the trial court improperly allocated marital funds existing at the time of the separation. The trial court found that the defendant had gotten the benefit of $1,322 in marital funds, while the plaintiff had gotten the benefit of $5,487 in marital funds. Plaintiff contends the actual allocation was $5,347 to defendant and $4,722 to him. Part of plaintiff's argument on this point is his contention that the trial judge erroneously valued the jointly owned automobile, but we have already rejected that contention. Even so, plaintiff would still contend the trial court should have found $3,087 in marital funds benefitted defendant and $4,722 benefitted plaintiff. Plaintiff's argument is that the trial court erroneously found that plaintiff got the $765 joint tax refund for 1982, and erroneously failed to find that defendant got the benefit of $1,000 in joint checking and savings accounts. However, the testimony as to the tax refund conflicted. After plaintiff testified that he believed his wife received the sole benefit of these funds, she was recalled and denied ever receiving them. The trial judge, as the fact-finder,

weighs the credibility of the witnesses. *See Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). He found that plaintiff received the $765 tax refund. Where the issue is credibility of the witnesses, the findings made below are binding on this Court. *Id.*

However, no findings at all were made as to the joint checking and savings accounts. Thus, this Court is incapable of determining whether the trial court rejected plaintiff's testimony or simply neglected to include the claimed $1,000 amount in his findings. As part of the equitable distribution order, the court divided funds held in escrow which represented the remaining proceeds from the foreclosure sale of the marital home. Defendant was awarded $7,596.40 of these proceeds, while plaintiff was awarded only $6,403.40. Undoubtedly, the trial court's finding as to who got the benefit of the other marital funds affected the division of these funds. Without a finding concerning the $1,000 in joint accounts, we cannot say that the trial court properly divided these funds. The equitable distribution order is vacated and remanded to the trial court for further findings as to the joint accounts and a possible reallocation of the escrowed funds.

### IV. Attorneys' Fees

[7] In order to be awarded attorneys' fees in an action for divorce, alimony, custody and child support, a spouse must be found to be a "dependent spouse," *Owensby v. Owensby*, 312 N.C. 473, 322 S.E. 2d 772 (1984), in addition to being found to be unable to "defray the expense of the suit." G.S. 50-13.6. We concluded in part I, *supra*, that there were insufficient findings to support a determination that defendant is a "dependent spouse." Additionally, attorneys' fees are not recoverable in an action for equitable distribution so that, in a combined action, the fees awarded must be attributable to work by the attorneys on the divorce, alimony and child support actions. Therefore, the award of attorneys' fees is vacated and remanded to the district court for further findings.

### V. Conclusion

In addition to the lack of sufficient findings of fact in each of the parts of the district court's order discussed above, we note further that, throughout the order, items that are, in reality, conclusions of law are designated "Findings of Fact." In the absence

of other findings supporting these conclusions, this, too, requires that the orders below relating to alimony, child support, equitable distribution and attorneys' fees be vacated and the cause remanded to the district court for proper and sufficient findings of fact. *Coble, supra,* at 713, 268 S.E. 2d at 189.

Proper findings of fact and conclusions of law are necessary for effective appellate review, which ensures that the trial court properly exercised its duty to find the facts and apply the law thereto. Because the order appealed from does not contain findings of fact sufficient to support its conclusions, the judgment is vacated and the cause remanded to the District Court for proceedings consistent with this opinion.

Vacated and remanded.

Judges WHICHARD and BECTON concur.