JAMES PERRY HENDRICKS v. JULIA ANN HENDRICKS

No. 8930DC450

(Filed 5 December 1989)

**1. Divorce and Alimony § 30 (NCI3d)— equitable distribution— award of marital home to defendant—sufficiency of evidence**

Evidence was sufficient to support the trial court's award of the marital home to defendant where it tended to show that defendant had custody of her two sons; the sons lived in the home for most of their lives, remained there while the parties were separated, and attended schools very nearby; and defendant's income was significantly less than plaintiff's income.

**Am Jur 2d, Divorce and Separation §§ 903, 923, 1025.**

**2. Divorce and Alimony § 30 (NCI3d)— equitable distribution— failure to credit plaintiff with paying mortgage—error**

The trial court in an equitable distribution proceeding erred in failing to credit plaintiff with paying the entire

mortgage debt on the marital home after the parties' separation.

**Am Jur 2d, Divorce and Separation § 893.**

3. **Divorce and Alimony § 30 (NCI3d) — equitable distribution — gross fair market value of marital properties — improper value — plaintiff not prejudiced**

The trial court in an equitable distribution proceeding erred by including the gross fair market value of certain marital properties which had an outstanding Mastercard balance and then failing to credit plaintiff for the debt, since the division of marital property is to be accomplished by using the net value of the property, i.e., its market value less the amount of any encumbrance serving to offset or reduce market value; however, since plaintiff was awarded all of the items charged on the credit card in the property division award, such error was not prejudicial.

**Am Jur 2d, Divorce and Separation § 937.**

APPEAL by plaintiff from judgment entered 7 August 1988 by *Judge John J. Snow, Jr.* in HAYWOOD County District Court. Heard in the Court of Appeals 7 November 1989.

Plaintiff and defendant were married on 15 July 1972. The parties had two sons by their marriage: David Adam Hendricks, born 24 July 1975, and Nicholas Eugene Hendricks, born 14 November 1979.

The parties separated 25 August 1986 and on 11 September 1987, plaintiff filed a complaint seeking an absolute divorce, equitable distribution of the marital property, and incorporation of the parties' separation agreement into the judgment. Defendant filed an answer and counterclaim on 15 October 1987 seeking the same relief. Judgment of absolute divorce was granted at the 28 July 1988 Haywood County District Court Session and an equitable distribution hearing was immediately held thereafter. After hearing the oral testimony of the parties and receiving various exhibits, the trial court entered its equitable distribution judgment. It is from this judgment that plaintiff appeals.

*Alley, Hyler, Killian, Kersten, Davis & Smathers, by Patrick U. Smathers and Robert J. Lopez, attorneys for plaintiff-appellant.*

*Roberts, Stevens & Cogburn, P.A., by Max O. Cogburn, for defendant-appellee.*

LEWIS, Judge.

It should be noted at the outset that the division of marital property is a matter within the sound discretion of the trial court, and its judgment should not be disturbed on review unless it is shown that the decision made was a clear abuse of discretion. *Johnson v. Johnson*, 78 N.C. App. 787, 790, 338 S.E.2d 567, 569 (1986). G.S. 50-20 requires an equitable division of the marital property.

Plaintiff has made eleven assignments of error all relating to the trial court's determination that an unequal division of the marital property was equitable. Under G.S. 50-20(c), an equal division is mandatory absent a determination that it would not be equitable. *Bradley v. Bradley*, 78 N.C. App. 150, 151, 336 S.E.2d 658, 659 (1985). The burden is upon the party seeking an unequal division of the marital property to prove by a preponderance of the evidence that an equal division would not be equitable. *Patton v. Patton*, 78 N.C. App. 247, 256, 337 S.E.2d 607, 613 (1985), *rev'd in part on other grounds*, 318 N.C. 404, 348 S.E.2d 593 (1986). G.S. 50-20(c) enumerates twelve factors the court must consider when dividing the marital property. A single factor is sufficient, if supported by the evidence, to uphold an unequal distribution. *Andrews v. Andrews*, 79 N.C. App. 228, 235, 338 S.E.2d 809, 814, *cert. denied*, 316 N.C. 730, 345 S.E.2d 385 (1986).

I

[1] Plaintiff first argues that there is insufficient evidence to support the trial court's Findings of Fact numbers 3-5 that the defendant should occupy the marital home and own its effects. The court below listed the following findings of fact as determinative of its decision to award the marital home and its furnishings to the defendant:

> 3. During the separation of the parties the two (2) minor children of the parties lived in this marital home and because this marital home was deemed to be important to the welfare and security of the children, the Court allowed the children

to remain in the home during the period of separation, moving the Plaintiff in for a period and then moving the Defendant in for a period but allowing the children to remain in the home.

4. The marital home of the parties is located near the school which the younger child attends and it is in the best interests of the children to reside in that marital home.

5. Defendant has custody of the two (2) minor children of the parties and Defendant needs to occupy and own the marital residence and to use and own its household effects, to provide a home for the minor children of the parties.

6. While there is evidence that there were marital debts owed by the parties at the date of their separation (a matter which this Court will deal with in this Judgment), the evidence before the Court tends to show that the major portion of those debts has now been paid.

7. Plaintiff is employed at Champion Papers, Inc. in Canton, North Carolina, where he earns $15.44 per hour. In 1986 he earned $40,000.00 from his employment at Champion Papers, Inc. but now Defendant has reduced the number of hours he works, a reduction which he has himself caused to be made, and his annual earnings at Champion Papers, Inc. are $32,115.20. In addition, Plaintiff is a member of the National Guard and from this membership he receives $165.00 each month plus $700.00 for summer camp for a total of $2,680.00 each year. Plaintiff has been employed by Champion Papers, Inc. for approximately fourteen (14) years and his employment appears to be stable and established.

8. Defendant has recently been employed by the Health Department of Haywood County. During the marriage of the parties and prior to their separation, Defendant attended Western Carolina University where she obtained her Nursing Degree. Although Plaintiff contends that he paid tuition, transportation, and provided books for a portion of this period, Defendant's father paid some tuition and provided some further assistance and it appears to the Court that the Defendant cared for her family and provided for the children while she attended this schooling.

9. From her employment at Haywood County Health Department, Defendant presently earns Twenty Thousand

HENDRICKS v. HENDRICKS

[96 N.C. App. 462 (1989)]

Eight Hundred ($20,800.00) Dollars each year which is paid in equal bi-weekly payments.

10. While Plaintiff is paying some child support to Defendant pursuant to Order of the Court in another action, Defendant is supporting herself, has voluntarily relinquished any right to receive any support from Plaintiff and is contributing to the support of the two (2) children of the parties.

11. Though both parties appear to be in good physical and mental health, this marriage had a duration of more than 14 years prior to the separation of the parties, and during that period Defendant cared for the home, provided for the children, and continues to care for the children in the home.

We find that the trial court's findings are supported by the evidence and are sufficient to support the court's award of the marital home to the defendant. In *Patterson v. Patterson*, 81 N.C. App. 255, 343 S.E.2d 595 (1986), we found that the trial court's award of the marital residence to the defendant was justified based upon the trial court's findings that defendant had sole custody of the child. "[T]his factor alone justifies the unequal distribution of marital property. . . ." 81 N.C. App. 260, 343 S.E.2d at 599. Like *Patterson*, the defendant has custody of her two sons. Furthermore, testimony at the equitable distribution hearing showed that the sons lived in the home for most of their lives, remained there while the parties were separated, and attended schools very nearby. These factors alone justify the award of the marital residence to the defendant. Additionally, G.S. 50-20(c)(4) allows the trial court to consider the need of the *parent* with custody of the child or children to occupy the marital residence. The trial court made findings that the defendant's income was significantly less than the plaintiff's income. This disparity supports an award of the marital home to the defendant because the defendant would have greater difficulty finding and affording comparable housing for herself and the children. Disparity of the income of the parties could itself justify a disproportionate award. G.S. 50-20(c)(1).

Plaintiff's assignments of error as to findings of fact numbers 1, 10 and 12 are without merit. He contends that these findings are unsupported by the evidence and are irrelevant. We disagree. G.S. 50-20(c) directs the trial court to consider (c)(1), the income and liabilities of each party (finding of fact number 7) and (c)(5), the plaintiff's expectation of non-vested pension benefits (finding

of fact number 12). Finding of fact number 10 merely states that each party contributes to the support of the minor children and that defendant relinquishes any right to alimony. The court's finding is consistent with G.S. 50-20(f), which provides that equitable distribution shall be awarded "without regard to alimony for either party. . . ."

The factors considered by the trial court discussed above all support the trial court's finding that an unequal division of the marital property is equitable. So long as the trial court has not abused its discretion, it is not our job to re-evaluate the evidence and make our own distribution on appeal. The trial court could have weighed the evidence differently and awarded the defendant wife no more than an equal share of the property. However, we find sufficient evidence to support the distribution awarded by the court; therefore, there is no abuse of discretion. *See White v. White*, 312 N.C. 770, 778, 324 S.E.2d 829, 833 (1985).

Because we find that an unequal division of the marital property is equitable, we do not address plaintiff's other assignments of error other than to find that they too are without merit.

II

[2] Plaintiff further argues that the trial court committed prejudicial error in failing to credit the plaintiff with paying the entire mortgage debt on the marital property. The mortgage debt on the date of separation was $5,750.00. The court found that during the separation of the parties, the plaintiff paid the balance of the debt. The trial court also found that the plaintiff and the defendant shared custody of the children by alternating their presence in the marital home. Based upon these findings, the court ruled that the plaintiff was entitled to a set-off of only half of the balance of the mortgage debt paid during the parties' separation. We agree with the plaintiff.

In *Hunt v. Hunt*, 85 N.C. App. 484, 355 S.E.2d 519 (1987), this Court held that mortgage payments made after separation entirely consisting of the separate property of the payor defendant should be credited to him at least to the extent that the payments decreased the principal owed on the marital home. *Id.* at 491, 355 S.E.2d 523. Based upon this holding, we find that the trial court erred in failing to credit the plaintiff with the entire $5,750.00 balance paid by the plaintiff.

IN RE APPEAL OF COASTAL RESOURCES COMMISSION DECISION

[96 N.C. App. 468 (1989)]

[3] Finally, the plaintiff contests the trial court's finding that he should pay the entire balance due on the parties' Mastercard. The court found that the only remaining debt of the parties at the time of the separation proceeding was their $948.46 Mastercard bill. The trial court found that because the primary charges on the credit card were items the plaintiff was receiving in the equitable distribution proceeding, he should be responsible for payment of the entire bill. Plaintiff argues that the court erred in its equitable distribution judgment by including the gross fair-market value of those marital properties which had an outstanding Mastercard balance and then failing to credit him for the debt. We agree. The division of marital property is to be accomplished by using the net value of the property, i.e., its market value less the amount of any encumbrance serving to offset or reduce market value. *See* G.S. 50-20(c); *Talent v. Talent*, 76 N.C. App. 545, 334 S.E.2d 256 (1985). However, since the plaintiff was awarded all of the items charged on the credit card in the property division award, we hold that this error was not prejudicial.

In conclusion, we affirm the equitable distribution of the marital property but find that the trial court erred in failing to credit the plaintiff with the full $5,750.00 payment of the mortgage debt. Consistent with this opinion, the judgment appealed from is vacated and remanded.

Affirmed in part, vacated in part and remanded.

Judges JOHNSON and COZORT concur.