STROUD, Judge.
 

 *17
 
 Plaintiff appeals from an unusual order denying her claim for equitable distribution and awarding defendant attorney fees for having to defend the equitable distribution claim because "[t]his matter could have settled." For the following reasons, we affirm in part, vacate in part, and remand.
 

 I. Background
 

 Plaintiff-wife and defendant-husband were married on 3 August 2002 and separated on or about 12 February 2012. On or about 15 February 2012, plaintiff filed a complaint against defendant seeking
 
 *18
 
 post-separation support and alimony, equitable distribution, attorney fees, and an interim distribution of the marital home in Charlotte and the associated mortgage payment. Plaintiff was represented by counsel when she filed the complaint. On or about 16 March 2012, defendant filed an answer responding to the allegations of the complaint, raising various defenses and "Factual Allegations[.]" In the "Factual Allegations[,]" defendant acknowledged that the parties had marital property and debt "which are both subject to equitable distribution in this matter[.]" Defendant requested equitable distribution and attorney fees. On 4 April 2012, plaintiff filed her reply to defendant's answer and defenses as well as a financial affidavit.
 

 On 16 April 2012, the trial court entered a memorandum of judgment/order of interim equitable distribution which addressed possession of the home located in Charlotte, payment of the mortgage, listing the home for sale, allocation of various debts, and final resolution of "the issue of post-separation support only." On 18 January 2013, an initial equitable distribution pretrial conference, scheduling and discovery order was entered with the consent of both parties. On 31 January 2013, plaintiff filed her equitable distribution affidavit; her affidavit alleged a net fair market value of the parties' marital and divisible property as $8,000.00, total marital debt of $18,414.01, and total non-marital debt of $71,294.21.
 

 Plaintiff itemized a substantial amount of marital debt including the mortgage for the home in Charlotte, as well as marital property including two motor vehicles and a bank account. On 1 February 2013, defendant filed his equitable distribution affidavit, which alleged the total fair market value of marital property as $9,642.68, divisible property with a negative value of $27,240.83, total marital debt of $5,730.83, and total non-marital debt of $3,407.33.
 

 On 4 March 2014, the trial court held a hearing on the equitable distribution claim.
 
 [1]
 
 The order includes findings of fact regarding the parties' residence, marriage, and pending claims. But instead of proceeding to make findings of fact as required by North Carolina General Statute § 50-20 regarding the classification, and distribution of the marital, divisible, and separate property and debts, the order instead includes the following findings of fact:
 

 *19
 
 9. As to the marital assets, the one primary asset is the marital home. It has since been foreclosed and has a deficiency judgment in an approximate amount of $53,000.
 

 10. Defendant is willing to keep the deficiency judgment and is not seeking distribution of this debt.
 

 11. As to the other marital debts, the only debts provided to the court were credit card debts. However, each party is in agreement that they will keep their marital debts related to their credit cards. Plaintiff testified
 
 *203
 
 that she will pay her credit card debts and is not seeking any payments on the cards from Defendant.
 

 12. The credit card debts and [ (sic) ] will not be valued or distributed.
 

 13. Plaintiff agrees that she is no longer and [ (sic) ] dependent spouse. And there is insufficient evidence for Plaintiff to be deemed a dependent spouse.
 

 14. The Plaintiff is not entitled to alimony. There has been no showing of need by Plaintiff.
 

 15. This action proceeded to trial that could have settled. Defendant had to hire an attorney to proceed to defend the claims that did not warrant a hearing. This matter could have settled.
 

 16. Legal fees have been unnecessarily incurred by Defendant due to multiple filings and research.
 

 17. Defendant has incurred legal fees in the amount of $7,500.
 

 The trial court then made these conclusions of law:
 

 1. This Court has jurisdiction over the parties and the subject matter herein.
 

 2. That the personal property described in the above paragraphs is the marital and separate property of the parties as defined in North Carolina General Statutes 50-20(b)(1). However, classification, valuation and distribution is not warranted.
 

 3. Plaintiff is not a dependent spouse.
 

 *20
 
 On or about 9 February 2015, based only upon these findings of fact and conclusions of law, in an order signed nearly a year later, the trial court denied "[a]ll claims for equitable distribution[,]" denied plaintiff's alimony claim, ordered that plaintiff pay defendant $3,000.00 in attorney fees, and decreed that "[a]ny terms of this order shall supersede the Interim Distribution Order." On 5 March 2015, plaintiff timely filed notice of appeal.
 

 II. Equitable Distribution
 

 Plaintiff raises three arguments regarding her equitable distribution claim. Because these arguments all focus on the same or similar legal analysis, we address them together. Plaintiff argues that the trial court erred as a matter of law by failing to follow the statutory mandates of North Carolina General Statute § 50-20, which require the trial court to classify, value, and distribute the parties' marital and divisible property and debt: "Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of this section." N.C. Gen.Stat. § 50-20(a) (2013). Although plaintiff raises two other related issues, we need not address those as we agree with plaintiff on this issue, and thus we must vacate the judgment as to equitable distribution.
 

 Plaintiff argues that the trial court did not follow the mandates of North Carolina General Statute § 50-20 by failing to make the required findings of fact, conclusions of law, and distribution of marital property and debt.
 

 On appeal, when reviewing an equitable distribution order, this Court will uphold the trial court's written findings of fact as long as they are supported by competent evidence. However, the trial court's conclusions of law are reviewed
 
 de novo.
 
 Finally, this Court reviews the trial court's actual distribution decision for abuse of discretion.
 

 Mugno v. Mugno,
 

 205 N.C.App. 273
 
 , 276,
 
 695 S.E.2d 495
 
 , 498 (2010) (citations and quotation marks omitted).
 

 In this case, both parties presented sufficient evidence to allow the trial court to classify, value, and distribute several items of marital or separate property and debts. The trial court acknowledged generally "[t]hat the personal property described in the above paragraphs is the marital and separate property of the parties as defined in
 
 *21
 
 North Carolina General Statutes 50-20(b)(1)." The trial court then further concluded that "classification, valuation and distribution is not warranted." This conclusion of law is not supported by the findings of fact or by the law.
 
 See generally
 

 *204
 
 N.C. Gen.Stat. § 50-20. Where the parties have presented evidence of the marital and divisible property and debts and separate property, as they did here, and the trial court has even acknowledged that the equitable distribution claim is properly before the court and that marital and separate property and debt exists, there is simply no legal rationale for a conclusion that equitable distribution "is not warranted." Defendant did not file a brief on appeal, but we feel quite confident in stating that defendant would have been unable to cite any law to support this conclusion, since none exists. Even though some of the marital property, such as the marital home, was no longer in the possession of the parties, the trial court still has a duty to equitably divide the marital property and debts existing as of the date of separation.
 
 See
 
 N.C. Gen.Stat. § 50-21(b) (2013) ("For purposes of equitable distribution, marital property shall be valued as of the date of the separation of the parties, and evidence of preseparation and postseparation occurrences or values is competent as corroborative evidence of the value of marital property as of the date of the separation of the parties. Divisible property and divisible debt shall be valued as of the date of distribution.)"
 

 The trial court seemed to consider the fact that the parties had mostly debt as rendering the plaintiff's claim as unworthy of consideration. But the trial court must address the classification, valuation, and distribution of the property and debt, regardless of the value.
 
 See generally
 
 N.C. Gen.Stat. § 50-20. The trial court does not lose its ability to distribute marital assets simply because marital debts equal or exceed the value of those assets.
 
 See
 
 id.
 

 In addition, where marital debts significantly reduce the net marital estate, such as here where there is a deficiency judgment of approximately $53,000.00 due to the foreclosure of the marital home, the trial court still retains the discretion to independently distribute the individual assets and debts.
 
 See
 

 Conway v. Conway,
 

 131 N.C.App. 609
 
 , 614,
 
 508 S.E.2d 812
 
 , 816 (1998) ("The trial court does not lose its ability to distribute marital assets simply because marital debts equal or exceed the value of those assets. In addition, where marital debts significantly reduce the net marital estate, the trial court still retains the discretion to distribute the individual assets and debts independently. Otherwise, the trial court would lose its authority to distribute significant assets merely because there are unrelated debts diminishing the net value of the estate." (citations omitted)),
 
 disc. review dismissed and denied,
 

 350 N.C. 593
 
 ,
 
 537 S.E.2d 210
 
 (1999).
 

 *22
 
 Even if all the parties have to distribute is debt, an equitable distribution order allocating that debt may still be of value to the parties.
 
 See
 

 Rawls v. Rawls,
 

 94 N.C.App. 670
 
 , 676,
 
 381 S.E.2d 179
 
 , 182 (1989) ("The court found that the parties had acquired no marital property, and therefore concluded that there was no estate to be adjusted pursuant to N.C. Gen.Stat. § 50-20(c).... In reaching this conclusion the trial court neglected, however, to consider the debts incurred by the parties during their marriage. Debt, as well as assets, must be classified as marital or separate property. In effectuating an equitable distribution the trial court must consider the parties' debts. If it finds that a particular debt is marital, that is, a debt incurred during the marriage for the joint benefit of the parties, it possesses discretion to equitably apportion or distribute the debt between the parties." (citations, quotation marks, and brackets omitted)). In this order, the trial court simply took the parties at their word that each would pay certain debts, without actually classifying, valuing, and distributing the debts by order, so that each party may have some possibility of legal recourse if the other should fail to pay.
 

 Furthermore, upon review of the entire transcript of the hearing, in addition to the negative value of the martial estate, it appears that the trial court may have based its determination that equitable distribution was "not warranted[,]" as well as its award of attorney fees, on plaintiff's failure to negotiate a settlement with defendant's counsel. In fact, the trial court found, "This action proceeded to trial that could have been settled" and that "Defendant had to hire an attorney to proceed to defend the claims that did not warrant a hearing." At the hearing,
 
 *205
 
 defendant's counsel informed the court of her efforts to negotiate with plaintiff, who was unrepresented, and the trial court asked plaintiff why she would not negotiate. Although plaintiff should not be required to explain her refusal to negotiate with defendant's counsel, as this has no bearing on equitable distribution, plaintiff nonetheless explained, "Well, I feel like for me-In order for me to go through any kind of settlement with his attorney or him, I would need to be represented to do that, because I do not trust trying to talk to them and settle anything[,]" and upon further inquiry by the trial court, she then clarified:
 

 I understand what you're saying, but I also understand from where this all started. And I would like to have had this resolved a long time ago. The thing is that, like I said, when you're negotiating with somebody, you have to come with good faith. That has not been the case. And I feel like the only alternative I have had was to show up to court.
 

 *23
 
 I do not have the resources to hire an attorney to represent me. So, the only thing that I could do was show up to court and try to resolve it.
 

 As a matter of law, it does not matter what, if anything, defendant offered plaintiff to settle the equitable distribution claim.
 
 [2]
 

 See generally
 
 N.C. Gen.Stat. § 1A-1, Rule 68 (2013) (regarding offers of judgment and their general inadmissibility); N.C. Gen.Stat. § 8C-1, Rule 408 (2013) (regarding inadmissibility of compromise negotiations). Even if defendant made a generous offer, plaintiff was not obligated to accept it, nor would their negotiations, if they had occurred, been a proper matter for the trial court to consider.
 
 See
 

 Karriker v. Sigmon,
 

 43 N.C.App. 224
 
 , 226,
 
 258 S.E.2d 473
 
 , 474 (1979) ("By case law, plaintiff may not show efforts made by her to settle or compromise her case during the trial of it. Suffice it to say, this rule applies equally to plaintiff and defendant. Since such evidence may not be properly introduced at trial, it clearly follows that neither counsel for plaintiff nor defendant may argue such to the jury." (citations omitted)),
 
 disc. review denied,
 

 299 N.C. 121
 
 ,
 
 262 S.E.2d 6
 
 (1980). Although plaintiff, who was
 
 pro se,
 
 did not object to questions regarding settlement negotiations, "there is a presumption in a bench trial ... that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby."
 
 In re H.L.A.D.,
 

 184 N.C.App. 381
 
 , 395,
 
 646 S.E.2d 425
 
 , 435 (2007) (citation and quotation marks omitted),
 
 aff'd per curiam,
 

 362 N.C. 170
 
 ,
 
 655 S.E.2d 712
 
 (2008). In this case, the trial court did not disregard the incompetent evidence but explicitly based its determination that equitable distribution was "not warranted[,]" at least in part upon the finding that "[t]his matter could have been settled." Thus, we vacate and remand. On remand, the trial court must classify, value, and distribute the property at issue, as supported by the competent evidence presented.
 
 See
 
 N.C. Gen.Stat. § 50-20.
 

 III. Attorney Fees
 

 Plaintiff also argues that the trial court erred in awarding attorney fees to defendant. As a general rule, attorney fees are not recoverable in an equitable distribution claim.
 
 See
 

 Patterson v. Patterson,
 

 81 N.C.App. 255
 
 , 262,
 
 343 S.E.2d 595
 
 , 600 (1986) ("Additionally, attorneys' fees are not recoverable in an action for equitable distribution so that, in a combined action, the fees awarded must be attributable to work by the
 
 *24
 
 attorneys on the divorce, alimony and child support actions.") In this case, although plaintiff had initially brought a claim for alimony, at the time of trial she had abandoned this claim, and in any event, the attorney fees as awarded in the order were clearly based upon the equitable distribution claim only. North Carolina General Statutes §§ 50-20 and 21 sets out two instances in which a party may recover attorney fees, neither of which is applicable in this case: (1)
 

 [u]pon application by the owner of separate property which was removed from the marital home or possession of its owner by
 
 *206
 
 the other spouse, the court may enter an order for reasonable counsel fees and costs of court incurred to regain its possession, but such fees shall not exceed the fair market value of the separate property at the time it was removed
 

 or (2) as a sanction when a "party has willfully obstructed or unreasonably delayed[.]" N.C. Gen.Stat. §§ 50-20(i) ; -21(e). Neither the record in this case nor the trial court's findings reveal any indication at all of either of these instances in which attorney fees may be awarded in an equitable distribution claim. Thus, the trial court's order regarding attorney fees is vacated.
 

 IV. Conclusion
 

 In conclusion, because plaintiff abandoned her claim for alimony, we affirm the trial court's denial of this claim. As to attorney fees, we vacate this portion of the order because without the alimony claim there is no potential legal basis for entry of such an award and no basis for further consideration. Lastly, we vacate the trial court's order as to equitable distribution and remand. Upon the request of either party, the trial court shall permit the presentation of additional evidence prior to entry of a new order. If neither party requests to present additional evidence, the trial court may, in its discretion, either enter a new order based upon the current record or may receive additional evidence before entry of a new order.
 

 AFFIRMED in part, VACATED in part, and REMANDED.
 

 Judges DIETZ and TYSON concur.
 

 [1]
 

 Plaintiff's claim for alimony was also scheduled for hearing, but she asked that this claim be dismissed "because I don't need the alimony now. Like I said, at the time I was a dependent spouse. I now have a job and I can support myself. So, I don't want alimony from him." The trial court's denial of alimony is not challenged on appeal.
 

 [2]
 

 Defendant did not file an offer of judgment pursuant to North Carolina General Statute § 1A-1, Rule 68.